**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **KONINKLIJKE PHILIPS N.V.,** **U.S. PHILIPS CORPORATION,**          **Plaintiffs,** **v.** **ACER INC.,** **ACER AMERICA CORPORATION,**          **Defendants.** | C.A. No. 15-1170-GMS |

<u>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT**</u>
<u>**MOTION TO DISMISS FOR IMPROPER VENUE**</u>

Of Counsel:

Michael P. Sandonato
John D. Carlin
Jonathan M. Sharret
Daniel A. Apgar
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
msandonato@fchs.com
jcarlin@fchs.com
jsharret@fchs.com
dapgar@fchs.com

MCCARTER & ENGLISH, LLP
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs*

Dated: April 11, 2016

## Table of Contents

I.     Introduction ...........................................................................................................1

II.    Background ............................................................................................................2

III.   Applicable Law .....................................................................................................3

IV.    Argument ...............................................................................................................4

       A.     Venue Is Proper In This District Because Defendants "Reside"
              Here For Purposes Of § 1400(b) ...............................................................4

              1.     *VE Holding* was Correctly Decided and Section § 1391(c)
                     Has Defined the Term "Resides" For Purposes of § 1400(b)
                     for the Past 25 Years............................................................................5

              2.     The 2011 Amendments to § 1391 Did Not Abrogate *VE
                     Holding* or Alter the Definition of "Resides" For Purposes
                     of § 1400(b)...........................................................................................7

       B.     This District Has Expressly Rejected Defendants' Theory On At
              Least Two Prior Occasions.......................................................................10

       C.     Defendants' Motion Seeks to Improperly Effect a Sweeping
              Change to the Law Which is Contrary to Legislative History ............11

V.     Impact Of Pending Federal Circuit Review and Alternative Request for
       Limited Venue Related Discovery .....................................................................13

VI.    Conclusion ...........................................................................................................14

ME1 22314524v.1

## Table of Authorities

**Cases**

*Brunette Mach. Works v. Kockum Indus., Inc.,*
  406 U.S. 706 (1972) ..................................................................................4, 5

*Devicor Medical Products, Inc. v. Biopsy Sciences, LLC,* Civil Action No.
  10-1060-GMS, 2013 WL 486638 (D. Del Feb. 7, 2013) ...........................3, 10

*Fourco Glass Co. v. Transmirra Prods. Corp.,*
  353 U.S. 222 (1957) ...............................................................................4, 5, 9

*In re TC Heartland LLC,*
  No. 16-0105 (Fed. Cir., argued on Mar. 11, 2016) ...................................3, 13

*Johnson Gas Appliance Co. v. VE Holding Corp.,*
  499 U.S. 922 (1991) .......................................................................................6

*Kraft Foods Group Brands LLC v. TC Heartland LLC*, C.A. No. 14-28-
  LPS-CJB, 2015 WL 4778828 (D. Del. Aug. 13, 2015),
  *report and recommendation adopted*, 2015 WL 5613160 (D. Del.
  Sept. 24, 2015) .....................................................................................passim

*Myers v. Am. Dental Ass'n.,*
  695 F.2d 716 (3d Cir. 1982)............................................................................3

*VE Holding v. Johnson Gas Appliance Co.,*
  *917 F.2d 1574 (Fed. Cir. 1990)* .............................................................passim

**Statutes**

28 U.S.C. § 1391................................................................................................passim

28 U.S.C. § 1400(b) ..........................................................................................passim

**Other Authorities**

H. R. Rep. No. 112-10 (2011) ...................................................................2, 11, 12

Patent Reform Act of 2006, S. 3818, 109th Cong. (2006)...........................................12

Patent Reform Act of 2007, H.R. 1908, 110th Cong. (2007)......................................12

Patent Reform Act of 2007, S. 1145, 110th Cong. (2007)..........................................12

Patent Reform Act of 2009, H.R. 1260, 111th Cong. (2009)......................................12

Patent Reform Act of 2009, S. 515, 111th Cong. (2009) ............................................................. 12

S. Rep. No. 110-259 (2008) ......................................................................................................... 13

## I.      Introduction

Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips")

submit this brief in opposition to the joint motion to dismiss alleging improper venue (D.I. 13,

hereinafter "Mot."), which Defendants have filed in this and five other of seven pending related

actions.[1]  Defendants' motion is without merit and should be denied.

Defendants would have this Court abandon decades of controlling Federal Circuit case

law, ignore its own prior decisions, and usher in a new defendant-centric patent venue rule.

Defendants' proposed new venue rule would effectively preclude any patentee from bringing an

infringement action against a corporate defendant anywhere other than the accused infringer's

state of incorporation, i.e., the infringer's home forum.  For the past 25 years, following the

Federal Circuit's decision in *VE Holding v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed.

Cir. 1990), it has been settled law that 28 U.S.C. § 1391(c) provides the definition of corporate

residence for purposes of the patent venue statute, § 1400(b), and that venue in patent cases is

proper in any district in which the defendant is subject to personal jurisdiction.  The statutory

venue provisions, and even the more recent legislative changes thereto, confirm the propriety of

*VE Holding*, and of all the decisions in which this and other district courts have continued to

follow it in the years since.

---

[1] Acer Inc. and Acer America, Corp. (C.A. No. 15-1170); Asustek Computer, Inc. and ASUS Computer International (C.A. No. 15-1125); HTC Corporation and HTC America, Inc. (C.A. No. 15-1126); Southern Telecom, Inc. (C.A. No. 15-1128); Visual Land Inc. (C.A. No. 15-1127); and YiFang USA, Inc. (C.A. No. 15-1131) (collectively "Defendants") have jointly moved to dismiss for improper venue, separately filing their joint motion in each of their respective actions. Accordingly, Philips has separately filed this opposition to Defendants' joint motion in each corresponding civil action.  Double Power Technology, Inc., Shenzen Zowee Technology Co., Ltd., and Zowee Marketing Co., Ltd. (C.A. No. 15-1130-GMS) have not joined in the present motion.

Contrary to Defendants' contention, the 2011 amendments to § 1391 did not eviscerate *VE Holding*. Rather, the 2011 amendments extended the reach of § 1391(c)'s definition of corporate residence, thus confirming the continued vitality of *VE Holding*. The legislative history surrounding the 2011 amendments makes clear that the definition of corporate residence set forth in § 1391(c) "appl[ies] to *all* venue statutes, including venue provisions that appear elsewhere in the United States Code." H. R. Rep. No. 112-10, at 20 (2011) (emphasis added). Defendants' motion has no basis in law, and should be denied for the reasons explained more fully below.

## II.   <u>Background</u>

This is an action for patent infringement. Philips alleges in its Complaints that Defendants market certain infringing smartphones, tablets, laptops, and other electronic devices. Because the accused products are marketed in Delaware, Philips submits that specific jurisdiction lies, and that Defendants are subject to both personal jurisdiction and venue in this District.

Defendants do not dispute that the accused products are marketed in Delaware, nor do they contest personal jurisdiction. Rather, Defendants assert that venue in patent actions is limited to districts in which a defendant is either incorporated or has a "regular and established place of business." Defendants contend that under their new legal standard, this case should be dismissed because Defendants are not incorporated in Delaware and Philips has not demonstrated that Defendants have regular and established places of business in Delaware. Defendants acknowledge their narrow theory of venue is contrary to decades of controlling Federal Circuit authority, and that it was recently and explicitly rejected in this District. Instead,

Defendants base their argument on a hypothetical decision they hope will result from a mandamus petition currently pending before the Federal Circuit.[2]

Philips recognizes that it is possible that the Federal Circuit's decision in *TC Heartland* could affect the outcome of the present motion. Accordingly, in order to minimize the burden on the Court and the parties, while at the same time preserving Defendants' rights, Philips proposed further briefing and decision of this motion be deferred until after the Federal Circuit decides the *TC Heartland* petition. For reasons unknown to Philips, but likely betraying Defendants' own dim view of the likelihood that the Federal Circuit will upset decades of its own precedent, Defendants refused that proposal and insisted that briefing go forward without the benefit of forthcoming guidance from the Federal Circuit.

## III.   <u>Applicable Law</u>

On a motion to dismiss for lack of venue, Defendants bear the burden of proving that venue is improper. *Myers v. Am. Dental Ass'n.*, 695 F.2d 716, 724-25 (3d Cir. 1982); *Devicor Medical Prods., Inc. v. Biopsy Sciences, LLC*, Civil Action No. 10-1060-GMS, 2013 WL 486638, at \*2 (D. Del Feb. 7, 2013). Defendants cannot carry this burden. Their motion is predicated on a fundamentally flawed interpretation of the venue statutes, which has been expressly rejected by this Court.

Venue in patent actions is governed by 28 U.S.C. § 1400(b) which provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant **resides** or where the defendant has committed acts of infringement and has a regular and established place of business.

---

[2] *In re TC Heartland LLC*, No. 16-0105 (Fed. Cir., argued on Mar. 11, 2016)

28 U.S.C. § 1400(b) (emphasis added).  Section 1400(b) does not define where a corporation "resides."  However, 28 U.S.C. § 1391(c) provides that a corporation "resides" in any judicial district in which it is subject to personal jurisdiction.  In *VE Holding v. Johnson Gas Appliance Co.,* 917 F.2d 1574 (Fed. Cir. 1990), the Federal Circuit held that § 1391(c) defines the term "resides" for purposes of § 1400(b).  Accordingly, venue in a patent action is proper in any district in which the defendant is subject to personal jurisdiction.  *VE Holding,* 917 F.2d at 1584. This has been settled law for over 25 years.

IV.   <u>**Argument**</u>

    A.   <u>**Venue Is Proper In This District Because Defendants "Reside" Here For Purposes Of § 1400(b)**</u>

        The crux of Defendants' argument is that a corporate defendant "resides," for purposes of venue under § 1400(b), only in its state of incorporation, and not where it is subject to personal jurisdiction.  Defendants assert this conclusion is compelled by the decisions in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957) and *Brunette Mach. Works v. Kockum Indus., Inc.*, 406 U.S. 706 (1972), in which the Supreme Court held that the definition of "resides" in 28 U.S.C. § 1391(c) does not apply to § 1400(b).

        Defendants acknowledge that the Federal Circuit, in 1990, found *Fourco* and *Brunette* were no longer applicable, because Congress amended the venue statutes in 1988 to clarify that § 1391(c) ***does*** supplement and define the term "resides" in § 1400(b) to include any district in which a corporate defendant is subject to personal jurisdiction.  *VE Holding,* 917 F.2d at 1579-80, 84.  But, Defendants assert that *VE Holding* was wrongly decided and, in any event, was abrogated by certain amendments to 28 U.S.C. § 1391 effected in 2011.

        Defendants are wrong.  *VE Holding* was correctly decided, and nothing in the 2011 amendments to § 1391 undermines its controlling authority or alters the meaning of "resides" in

§ 1400(b).  For purposes of § 1400(b), a corporate entity resides in any judicial district in which it is subject to personal jurisdiction.  Accordingly, Defendants "reside" in this District and venue is proper.

> ### 1.   *VE Holding* was Correctly Decided and Section § 1391(c) Has Defined the Term "Resides" For Purposes of § 1400(b) for the Past 25 Years

Defendants' reliance on *Fourco* and *Brunette* is misplaced because those cases were decided against a statutory framework which has not existed since 1988.  In *Fourco*, the Supreme Court addressed whether § 1400(b) was the sole and exclusive provision governing venue in patent actions, and whether § 1391(c) supplemented § 1400(b).  At the time *Fourco* was decided, 28 U.S.C. § 1391(c) read as follows:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

28 U.S.C. § 1391(c) (June 25, 1948, c. 646, 62 Stat. 935).  Thus, at the time *Fourco* was decided, § 1391(c) was a general corporation venue statute that established general venue rules for corporate defendants, but which included no language suggesting it should be read into other specific venue statutes such as § 1400(b).  Applying the principle that the terms of a specific statute prevail over the terms of a competing general statute, the Supreme Court held that § 1391(c), *as it existed in 1957*, did not supplement § 1400(b).  In light of this, the Supreme Court held that, at that time, corporate residence for the purposes of § 1400(b) meant the place of incorporation.  *See Fourco*, 353 U.S. at 226-29; *Brunette*, 406 U.S. at 707 n. 2.

Subsequently, in 1988, Congress amended § 1391(c) to make clear that its definition of corporate residence should apply for all venue purposes under chapter 87 of title 28 of the U.S. Code, which included § 1400(b).  Specifically, § 1391(c) was amended to read as follows:

> *For purposes of venue under this chapter, a defendant that is* a
> corporation ~~may be sued~~ *shall be deemed to reside* in any judicial
> district ~~in which it is incorporated or licensed to do business or is~~
> ~~doing business~~ *in which it is subject to personal jurisdiction at the*
> *time the action is commenced*~~, and such judicial district shall be~~
> ~~regarded as the residence of such corporation for venue purposes~~.

28 U.S.C. § 1391(c) (1988) (italics and strikethroughs added to represent respective additions

and deletions effected to the prior version of § 1391(c)). By adding the language "[f]or purposes

of venue under this chapter," Congress made clear its intent that the definition of corporate

residence in § 1391(c) should apply to all other venue statutes in the chapter, which included §

1400(b).

In *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579-80 (Fed. Cir.

1990), the Federal Circuit observed that "Section 1391(c) as it was in *Fourco* is no longer," and

held that the newly amended § 1391(c) ***did*** supplement § 1400(b), thus redefining the meaning of

the term "resides" in § 1400(b). In holding that the amended § 1391(c) and § 1400(b) should be

read together, the Federal Circuit specifically rejected the premise upon which Defendants base

their joint motion:

> It is true that § 1391(c) is a general venue statute and that §
> 1400(b) is a specific one. But the general rule that a specific statute
> is not controlled or nullified by a general statute regardless of
> priority of enactment, absent a clear intention otherwise, does not
> govern the present situation. This is for two reasons. First, in this
> case the general statute, § 1391(c), expressly reads itself into the
> specific statute, § 1400(b). Second, § 1391(c) only operates to
> define a term in § 1400(b)—it neither alone governs patent venue
> nor establishes a patent venue rule separate and apart from that
> provided under § 1400(b). Nor does it conflict with § 1400(b).

*VE Holding*, 917 F.2d at 1580.

The Supreme Court denied certiorari in *VE Holding* and it has been the law of the land

for the past 25 years. *Johnson Gas Appliance Co. v. VE Holding Corp.*, 499 U.S. 922 (1991).

Accordingly, ever since the 1988 amendments to § 1391(c), venue in a patent infringement case has been proper in any district where the corporate defendant is subject to personal jurisdiction. *VE Holding*, 917 F.2d at 1584.  Contrary to Defendant's assertion, nothing in the 2011 amendments to § 1391 call into question the decision in *VE Holding*.  It is telling that Defendants do not cite a single decision which has declined to follow *VE Holding*, even after the 2011 amendments.

**2.      The 2011 Amendments to § 1391 Did Not Abrogate *VE Holding* or Alter the Definition of "Resides" For Purposes of § 1400(b)**

Congress again amended § 1391 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, but not in a way that undermines *VE Holding*.  If anything, the 2011 amendments strengthen the conclusion in *VE Holding*.

Prior to the 2011 amendments, §§ 1391(a) and (b) separately provided general requirements for venue in diversity and federal question cases, respectively.  In 2011, Congress amended § 1391(a) and (b) to standardize venue for all cases.  As a result, §§ 1391(a) and (b) now read, in relevant part, as follows:

> (a) Applicability of Section.—Except as otherwise provided by law—
>
> (1) this section shall govern the venue of all civil actions brought in district courts of the United States . . .
>
> (b) Venue in General.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . .

In addition, Congress amended § 1391(c) to expand its applicability as follows:

> "For *all venue purposes* ~~purposes of venue under this chapter~~ . . . ~~a defendant that is a corporation~~ *an entity with the capacity to sue and be sued in its common name under applicable law, whether or*

> *not incorporated,* shall be deemed to reside, *if a defendant,* in any
> judicial district in which *such defendant* it is subject to *the court's*
> personal jurisdiction at the time the action is commenced *with*
> *respect to the civil action in question . . . .*"

28 U.S.C. § 1391(c) (2011) (italics and strikethroughs added to represent respective additions

and deletions effected by the 2011 amendments).  Contrary to Defendants' assertion (Mot. at 6),

none of these amendments altered the definition of corporate residence in § 1400(b).

Initially, Defendants assert that the amendments to § 1391(a), and the inclusion of the

phrase "except as otherwise provided by law," signal Congressional intent to realign § 1391 with

the Supreme Court's pre-*VE Holding* interpretation.  That is simply not correct.

First, there is no evidence of any such intent in the legislative history.  In fact, as

explained below, the legislative history supports Philips' position (see infra at 11-12).

Second, the "except as otherwise provided by law" language in § 1391(a) is not new.

That same language has appeared in every iteration of §§ 1391(a) and (b) since the time of the

Federal Circuit's decision in *VE Holding*.  The only change implemented in 2011 was the

elimination of the distinction between diversity and federal question cases.  In standardizing

venue for all federal cases, Congress simply moved the "except as otherwise provided by law"

language into new subsection (a) and moved all the venue requirements into subsection (b).  That

modification represents a change of form, not substance, and does not signal a sweeping revision

of patent venue jurisprudence.

Third, § 1391(c) is not a competing venue statute to § 1400(b).  Even if the "except as

otherwise provided by law" language in § 1391(a) did reflect a substantive change, it would not

matter because § 1400(b) does not contain any definition of the term "resides," much less a

conflicting one.  Section 1391(c) does not provide a rule for venue in patent cases separate from

§ 1400(b).[3]  Rather, it provides a definition of where a corporation resides, and this definition is applicable to all other venue statutes that do not recite a competing definition of corporate residence.  Because § 1400(b) provides no other definition of corporate residence, it cannot provide "otherwise" than § 1391(c).  Indeed, Magistrate Judge Burke, in a report and recommendation adopted in all respects by Chief Judge Stark, expressly stated so in *TC Heartland*:

> [A]t the time of the 2011 amendments (and indeed, as of the present date), Section 1400(b) could not be said to 'otherwise provide[]' for an outcome different than what is called for by the [amended version]of Section 1391(c) . . . .

*Kraft Foods Group Brands LLC v. TC Heartland LLC*, C.A. No. 14-28-LPS-CJB, 2015 WL 4778828, at \*10 (D. Del. Aug. 13, 2015), *report and recommendation adopted*, 2015 WL 5613160 (D. Del. Sept. 24, 2015).  Accordingly, the "except as otherwise provided" language of § 1391(a) provides no support for Defendants' position.

Defendants also incorrectly assert that the 2011 amendments operated to return § 1391(c) to the form that the Supreme Court previously considered in 1957 in *Fourco Glass*. (Mot. at 6). That too is inaccurate.  Unlike the pre-1988 version considered in *Fourco Glass*, the current version of § 1391(c) continues to employ language that expressly reads itself into other venue statutes.  Specifically, the current version of § 1391(c) expressly states that its definition applies "[f]or *all* venue purposes . . . ." 28 U.S.C. § 1391(c).  No such language was present in the pre-1988 version of § 1391(c).  In fact, the 2011 amendments expanded, rather than restricted, the scope of the language which the Federal Circuit relied upon in *VE Holding*.  In *VE Holding*, the

---

[3] Defendants' reliance on dicta from *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 134 S.Ct. 568 (2013) to argue that § 1391(c) and § 1400(b) are competing venue statutes is misguided for this reason.

Federal Circuit viewed "for purposes of venue under this chapter" as "exact and classic language of incorporation" in holding that § 1391(c) operated to supplement § 1400(b) in redefining where a corporate defendant resides. *VE Holding*, 917 F.2d at 1579.  By replacing "for purposes of venue under this chapter" with "for all venue purposes," the 2011 amendments simply expanded the applicability of § 1391(c)'s definition of corporate residency to encompass all venue statutes located anywhere in the U.S. Code, including § 1400(b).

> **B.     This District Has Expressly Rejected Defendants' Theory On At Least Two Prior Occasions**

This Court rejected the premise on which Defendants' argument is based in *Devicor Med. Prods., Inc. v. Biopsy Sci., LLC*, Civil Action No. 10-1060-GMS, 2013 WL 486638 (D. Del. Feb. 7, 2013).  In *Devicor*, defendant Biopsy filed a motion to dismiss for lack of personal jurisdiction and venue.  In deferring decision on the venue question, this Court noted that "venue for a business entity defendant" under both § 1391(b) and § 1400(b) is proper where that defendant is subject to personal jurisdiction for the action in question.  *Id.* at *5.  Further, this Court expressly stated:

> The court recognizes that a 2011 amendment to § 1391(c) changed the language on which the *VE Holding Corp.* court based its decision.  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 202(1), 125 Stat. 758, 763 (2011) (replacing, in relevant part, the language "[f]or purposes of venue under this chapter" with new language "[f]or all venue purposes").  ***The court, however, does not believe this amendment undermines the Federal Circuit's conclusion that a business entity defendant, for the purposes of § 1400(b) resides in any judicial district in which it is subject to personal jurisdiction.***

*Id.* at *3, n.7 (emphasis added).

Moreover, as Defendants themselves admit, Chief Judge Stark recently reached the same conclusion after considering and rejecting all of the same arguments Defendants make here.  *See*

*Kraft Foods Group Brands LLC v. TC Heartland LLC*, C.A. No. 14-28-LPS-CJB, 2015 WL 5613060, at *2 (D. Del. Sept. 24, 2015) ("The Report[4] also correctly concluded that the 2011 Jurisdiction and Venue Clarification Act's amendment of 28 U.S.C. § 1391 did not undo the Federal Circuit's decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575, 1579-84 (Fed. Cir. 1990), that 'Section 1391(c) applies to all of chapter 87 of title 28, and thus to § 1400(b)' and venue is appropriate for a defendant in a patent infringement case where personal jurisdiction exists.") (footnote added).

Defendants, on the other hand, have not cited a single decision since *VE Holding* that supports their position.

C.  **Defendants' Motion Seeks to Improperly Effect a Sweeping Change to the Law Which is Contrary to Legislative History**

The legislative history also supports Philips' position.  The Judiciary Committee Report on the 2011 Federal Courts Jurisdiction and Venue Clarification Act ("the Act") makes no mention of patent litigation in its discussion, and certainly reflects no intention to radically alter the patent venue law.  In fact, in explaining the new § 1391(a) provision, the Report states: "[n]ew paragraph 1391(a)(1) would ***follow current law*** in providing the general requirements for venue choices, but would not displace the special venue rules that govern under particular Federal statutes."  H.R. Rep. No. 112-10, at 18 (2011).  Thus, the report characterizes the §

---

[4] The "Report" refers to the report and recommendation by Magistrate Judge Burke that Chief Judge Stark expressly adopted in all respects, and which stated: "If Congress' intent in enacting the 2011 amendments to Section 1391(c) was to alter the status quo as described in *VE Holding*—and to now indicate that Section 1391(c)'s terms have no impact on the meaning of 'resides' in Section 1400(b)—then adding language that appears to *expand* the reach of Section 1391(c)'s definition of residency seems a strange way of accomplishing that." *Kraft Foods Group Brands LLC v. TC Heartland LLC*, C.A. No. 14-28-LPS-CJB, 2015 WL 4778828, at *9 (D. Del. Aug. 13, 2015)

1391(a) revision as a continuation of existing law, not the radical change suggested by Defendants.

Furthermore, in its discussion of 1391(c), the Report states:

> Under section 202 of the bill, ***proposed subsection 1391(c) would apply to all venue[ ]statutes, including venue provisions that appear elsewhere in the United States Code***. It defines residency for natural persons, incorporated and unincorporated entities, and also provides a rule for nonresident defendants. This would replace current subsection 1391(c), which applies only to corporations as defendants, and only for purposes of venue under Chapter 87.

*Id.* at 20 (emphasis added).  This report makes clear that Congress intended the amendment to § 1391(c) to ensure the definition of residency contained in § 1391(c) would apply to ***all*** venue statutes in the U.S. Code, including 28 U.S.C. § 1400(b).

Defendants ignore this legislative history and ask this Court to give the 2011 amendments an effect that is exactly the opposite of what Congress expressly said it intended.  Further, Defendants would have this Court abandon decades of precedent and adopt by judicial fiat a defendant-centric patent venue rule which would effectively preclude a patentee from bringing suit anywhere other than the infringer's home court.  Were the Court to adopt Defendants' position, it would effect a dramatic one-sided change in the law and unfairly benefit infringers at the expense of innovator patentees.

Congress is fully aware of the current state of the law governing venue in patent actions and has rejected many proposals to amend the patent venue statutes since *VE Holding*.  *See, e.g.*, Patent Reform Act of 2006, S. 3818, 109th Cong. (2006); Patent Reform Act of 2007, H.R. 1908, 110th Cong. (2007); Patent Reform Act of 2007, S. 1145, 110th Cong. (2007); Patent Reform Act of 2009, H.R. 1260, 111th Cong. (2009); Patent Reform Act of 2009, S. 515, 111th Cong. (2009). These bills did not pass Congress partly due to concern by some legislators that such provisions – while more modest than what Defendants ask this Court to impose – went too far, and would

- 12 -

have unfairly advantaged infringers and diminished the value of legitimate patent rights.  For example, Senators Feingold and Coburn described one proposed venue provision as "skewed heavily in favor of infringer-defendants" and argued that it would "deter the filing of legitimate infringement suits."  S. Rep. No. 110-259, at 68 (2008) (additional views of Sen. Feingold and Coburn).

Congress is uniquely positioned to draw sensible lines to combat perceived forum-shopping abuses without creating unintended litigation advantages for patent infringers.  After addressing and weighing the competing policy concerns of the many legislative proposals it has seen before it, Congress has not changed the patent venue laws at all—let alone imparted the radical change requested by Defendants.  Accordingly, Defendants' motion should be denied.

## V.   Impact Of Pending Federal Circuit Review and Alternative Request for Limited Venue Related Discovery

The Federal Circuit recently held oral argument in the *TC Heartland* matter, and the questioning signaled skepticism as to the merits of the petition.  *See In re TC Heartland LLC*, No. 16-0105 (Fed. Cir., argued on Mar. 11, 2016), *recording available at* http://www.cafc.uscourts.gov/oral-argument-recordings?title=&field_case_number_value=&field_date_value2%5Bvalue%5D%5Bdate%5D=2016-03-11.  For example, in addressing petitioner's assertion that the 2011 amendments to § 1391 repealed the statutory language that *VE Holding* relies upon, Judge Moore countered: "They broadened it.  They didn't narrow it . . . It's hard to say that [the 2011 changes to Section 1391 were] a 'repeal' in the form of a purposeful, intentional conveyance of narrowing."  *Id.* at 6:31.

Plaintiff expects the mandamus petition to be denied and respectfully submits this Court should deny the present motion for the reasons set forth herein.  However, if the Court is inclined

to adopt Defendants' view of the law, Philips respectfully requests that this Court defer decision

on this motion until after the Federal Circuit has ruled in *TC Heartland*, at which point Philips

respectfully requests an opportunity to submit supplemental briefing.

Further, in the event the Federal Circuit, or this Court, do adopt Defendants' narrow

definition of corporate residence for purposes of § 1400(b), Philips respectfully requests an

opportunity to conduct limited discovery directed to the question of whether venue is proper

under the second prong of Section 1400(b), i.e., whether Defendants have regular and established

places of business in this District.

## VI.    Conclusion

For the foregoing reasons, Philips respectfully requests that Defendants' joint motion be

denied, or, in the alternative, that the Court defer decision pending resolution of the pending

mandamus petition in the *TC Heartland* matter and, if appropriate, the conduct of limited venue

related discovery.

Dated: April 11, 2016

Of Counsel:                                    MCCARTER & ENGLISH, LLP

Michael P. Sandonato                           /s/ Daniel M. Silver
John D. Carlin                                 Michael P. Kelly (#2295)
Jonathan M. Sharret                            Daniel M. Silver (#4758)
Daniel A. Apgar                                Benjamin A. Smyth (#5528)
FITZPATRICK, CELLA, HARPER &                   Renaissance Centre
SCINTO                                         405 N. King Street, 8th Floor
1290 Avenue of the Americas                    Wilmington, Delaware 19801
New York, New York 10104-3800                  (302) 984-6300
Tel: (212) 218-2100                            mkelly@mccarter.com
Fax: (212) 218-2200                            dsilver@mccarter.com
msandonato@fchs.com,                           bsmyth@mccarter.com
jcarlin@fchs.com
jsharret@fchs.com                              *Attorneys for Plaintiffs*
dapgar@fchs.com

ME1 22314524v.1