**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-1125-GMS |
| v. | ) ) | JURY TRIAL DEMANDED |
| ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, | ) ) ) ) | |
| Defendant. | ) ) | |
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-1126-GMS |
| v. | ) ) | JURY TRIAL DEMANDED |
| HTC CORP., HTC AMERICA, | ) ) ) ) | |
| Defendants. | ) ) | |
| KONINKLIJKE PHILIPS N.V., U.S. PHILIPS CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-1127-GMS |
| v. | ) ) | JURY TRIAL DEMANDED |
| VISUAL LAND, INC. | ) ) ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., ) <br> U.S. PHILIPS CORPORATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SOUTHERN TELECOM, INC., ) <br> ) <br> Defendant. ) | C.A. No. 15-1128-GMS <br><br> JURY TRIAL DEMANDED |
| KONINKLIJKE PHILIPS N.V., ) <br> U.S. PHILIPS CORPORATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DOUBLE POWER TECHNOLOGY, INC., ) <br> ZOWEE MARKETING CO., LTD., ) <br> SHENZEN ZOWEE TECHNOLOGY CO., ) <br> LTD., ) <br> ) <br> Defendants. ) | C.A. No. 15-1130-GMS <br><br> JURY TRIAL DEMANDED |
| KONINKLIJKE PHILIPS N.V., ) <br> U.S. PHILIPS CORPORATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> YIFANG USA, INC. D/B/A E-FUN, INC., ) <br> ) <br> Defendant. ) | C.A. No. 15-1131-GMS <br><br> JURY TRIAL DEMANDED |

2

ME1 22528885v.1

|  |  |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> ACER INC., <br> ACER AMERICA CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-1170-GMS <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT PROPOSED SCHEDULING ORDER

This __ day of _____ 2016, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

    1. **Initial Disclosures.** The parties agree that they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) and the Court's Default Standard for Discovery ¶ 3 on or before June 17, 2016.

    2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before [Plaintiffs propose January 9, 2017; Defendants propose November 4, 2016].

    3. **Reliance Upon Advice of Counsel**. Defendants shall inform plaintiffs whether they intend to rely upon advice of counsel as a defense to willful infringement no later than August 4, 2017. If defendants elect to rely on advice of counsel as a defense to willful

3

infringement, defendants shall produce any such opinions on which defendants intend to rely to plaintiff no later than August 4, 2017.

    4. ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on April __, 2017 at ____ __.m. The *Markman* hearing is scheduled for a total of 6 hours with each side having 3 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before January 20, 2017, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiffs shall submit to the Court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on March 17, 2017. The parties shall file opening claim construction briefs on February 17, 2017, and answering claim construction briefs on March 17, 2017. Briefing will be presented pursuant to the Court's Local Rules.

    5. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before [Plaintiffs propose September 8, 2017; Defendants propose October 6, 2017]. Document production shall be substantially complete on or before [Plaintiffs propose May 1, 2017; Defendants propose June 30, 2017]. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before [Plaintiffs propose October 10, 2017; Defendants propose November 10, 2017]. Rebuttal expert reports shall be served on or before [Plaintiffs propose November 20, 2017; Defendants propose December 8, 2017]. Expert Discovery in this case shall be initiated so that it will be completed on or before January 19, 2018.

       a. **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact Chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **Joint Letter Agenda,** which is <u>**non-argumentative,**</u> not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this Court's website at <u>www.ded.uscourts.gov</u>. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a <u>**TWO PAGE LETTER**</u>, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

       6. <u>**Confidential Information and Papers filed under Seal**</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before July 1, 2016. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

---

[1] **Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.**

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than February 2, 2018. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than February 16, 2018. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before February 23, 2018. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**. To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied

10. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12. **Pretrial Conference**. On April __, 2018, beginning at _____ __.m., the Court will hold a Trial Planning Conference to determine the scheduling and order of trials. On June __, 2018, beginning at _____ __.m., the Court will hold a Pretrial Conference in Chambers with counsel for the first trial. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiffs' counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiffs propose to include in the draft. Defendants' counsel shall, in turn, provide to plaintiffs' counsel any comments on the plaintiffs' draft, as well as the information defendants propose to include in the proposed pretrial order. **Motions *in limine*[2]: NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the Court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this Court's

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

website at www.ded.uscourts.gov on or before May __, 2018.

    13.  **Trial**.  A first trial in these matters is scheduled for a [Plaintiffs propose 10; Defendants propose 7-10] day jury trial beginning at 9:30 a.m. on July __, 2018.

    14.  **Scheduling**.  The parties shall contact Chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

                   _____

                    The Honorable Gregory M. Sleet

## **EXHIBIT A PROPOSED DEADLINES**

| Date | Event |
| --- | --- |
| June 17, 2016 | Rule 26(a)(1) Initial Disclosures and Disclosures under the Court's Default Standard for Discovery ¶ 3 |
| June 17, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(a) |
| July 1, 2016 | Protective Order and Order regarding the production of Electronically Stored Information |
| July 22, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(b) |
| July 22, 2016 | Defendants shall also produce sales figures for the accused products |

Plaintiffs believe the calendar for these actions should include the latter date; defendants believe it should not.

| Date | Event |
| --- | --- |
| August 26, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(c) |
| September 30, 2016 | Disclosures under the Court's Default Standard for Discovery ¶ 4(d) |
| October 21, 2016 | Plaintiffs shall reduce the number of asserted claims to no more than five per patent |
| November 18, 2016 | Defendants shall reduce prior art references to no more than twelve per patent |

Defendants believe the calendar for these actions should include the latter two dates; plaintiffs believe it should not.

| Date | Event |
| --- | --- |
| ? | Joinder of parties and amendment of pleadings [except inequitable conduct and willfulness] |

Plaintiffs believe this date should fall on January 9, 2017, and should not exempt inequitable conduct and willfulness; defendants believe it should fall on November 4, 2016, and should exempt inequitable conduct and willfulness, amendments regarding which should fall due on July 21, 2017.

9

| Date | Event |
|---|---|
| December 2, 2016 | Exchange proposed terms for claim construction |
| December 23, 2016 | Exchange proposed constructions |
| January 20, 2017 | File Final Joint Claim Chart |
| February 17, 2017 | Opening Claim Construction Briefs |
| March 17, 2017 | Answering Claim Construction Briefs and Joint Appendix of Intrinsic Evidence |
| April __, 2017 | Claim Construction Hearing |
| **Plaintiffs:** May 1, 2017 **Defendants:** June 30, 2017 | Document Production Substantially Complete |
| **Plaintiffs:** June 9, 2017 | Parties Exchange Privilege Logs |
| July 21, 2017 | Final Infringement Contentions |
| July 21, 2017 | Plaintiffs shall reduce the number of asserted claims to no more than two per patent |
| August 25, 2017 | Defendants shall reduce the number of prior art references to no more than six per patent |

Defendants believe the calendar for these actions should include the latter two dates; plaintiffs believe it should not.

| Date | | Event |
|---|---|---|
| August 4, 2017 | | Reliance on advice of counsel; defendants to disclose intent and produce documents and opinions for reliance upon advice of counsel conduct and willfulness |
| **Plaintiffs** | **Defendants** | |
| August 11, 2017 | August 25, 2017 | Final Invalidity Contentions |
| September 8, 2017 | October 6, 2017 | Close of fact discovery |
| October 10, 2017 | November 10, 2017 | Opening expert reports |
| November 20, 2017 | December 8, 2017 | Rebuttal expert reports |

10

| | | |
|---|---|---|
| December 11, 2017 | December 22, 2017* | Reply expert reports |

Plaintiffs believe the calendar for these actions should include the latter date; defendants believe it should not.

| Date | Event |
|---|---|
| January 19, 2018 | Close of expert discovery |
| February 2, 2018 | Opening summary judgment letter briefs seeking permission to file summary judgment motions |
| February 16, 2018 | Answering letter briefs seeking permission to file summary judgment motions |
| February 23, 2018 | Reply letter briefs seeking permission to file summary judgment motions |
| 14 days after order | Summary Judgment – opening briefs (if allowed by the Court) |
| By Local Rule | Summary Judgment – answering briefs |
| By Local Rule | Summary Judgment – reply briefs |
| April __, 2018 | Trial Planning Conference |
| May __, 2018 | First Pretrial Order |
| June __, 2018 | First Pretrial Conference |
| July __, 2018 | First Trial |

ME1 22528885v.1