```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                             - - -
     KONINKLIJKE PHILIPS N.V.,      )    Civil Action
 4   U.S. PHILIPS CORPORATION,      )
                                    )
 5             Plaintiffs,          )
                                    )
 6        v.                        )
                                    )
 7   ASUSTEK COMPUTER INC.,         )
     ASUS COMPUTER INTERNATIONAL,   )
 8                                  )
               Defendants.          )    No. 15-1125-GMS
 9                             - - -

10   KONINKLIJKE PHILIPS N.V.,      )    Civil Action
     U.S. PHILIPS CORPORATION,      )
11                                  )
               Plaintiffs,          )
12                                  )
          v.                        )
13                                  )
     HTC CORP. and HTC AMERICA,     )
14   INC.,                          )
                                    )
15             Defendants.          )    No. 15-1126-GMS

16                             - - -
                          Wilmington, Delaware
17                     Tuesday, September 6, 2016
                              2:00 p.m.
18                            Conference
                               - - -
19
     BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.
20
         TRANSCRIPT CONTINUED ON FOLLOWING PAGE
21

22

23

24

25
```

```
                    IN THE UNITED STATE DISTRICT COURT

                    IN AND FOR THE DISTRICT OF DELAWARE

                               - - -

  KONINKLIJKE PHILIPS N.V.,        )      Civil Action
  U.S. PHILIPS CORPORATION,        )
                                   )
            Plaintiffs,            )
                                   )
       v.                          )
                                   )
  VISUAL LAND, INC.,               )
                                   )
            Defendant.             )      No. 15-1127-GMS

                               - - -

  KONINKLIJKE PHILIPS N.V.,        )      Civil Action
  U.S. PHILIPS CORPORATION,        )
                                   )
            Plaintiffs,            )
                                   )
       v.                          )
                                   )
  SOUTHERN TELECOM, INC,           )
                                   )
            Defendants.            )      No. 15-1128-GMS

                               - - -

  KONINKLIJKE PHILIPS N.V.,        )      Civil Action
  U.S. PHILIPS CORPORATION,        )
                                   )
            Plaintiffs,            )
                                   )
       v.                          )
                                   )
  DOUBLE POWER TECHNOLOGY, INC.,   )
  ZOWEE MARKETING CO., LTD.,       )
  SHENZEN ZOWEE TECHNOLOGY CO.,    )
  LTD.,                            )
                                   )
            Defendants.            )   No. 15-1130-GMS

                               - - -
```

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                            - - -
     KONINKLIJKE PHILIPS N.V.,        )     Civil Action
 4   U.S. PHILIPS CORPORATION,        )
                                      )
 5             Plaintiffs,            )
                                      )
 6        v.                          )
                                      )
 7   DOUBLE POWER TECHNOLOGY, INC.,   )
     ZOWEE MARKETING CO., LTD.,       )
 8   SHENZEN ZOWEE TECHNOLOGY CO.,    )
     LTD.,                            )
 9                                    )
               Defendants.            )    No. 15-1130-GMS
10
                                 - - -
11
     KONINKLIJKE PHILIPS N.V.,        )     Civil Action
12   U.S. PHILIPS CORPORATION,        )
                                      )
13             Plaintiffs,            )
                                      )
14        v.                          )
                                      )
15   YIFANG USA, INC. D/B/A E-FUN,    )
     INC.,                            )
16                                    )
               Defendant.             )    No. 15-1131-GMS
17
                                 - - -
18
     KONINKLIJKE PHILIPS N.V.,        )     Civil Action
19   U.S. PHILIPS CORPORATION,        )
                                      )
20             Plaintiffs,            )
                                      )
21        v.                          )
                                      )
22   ACER INC.,                       )
     ACER AMERICA CORPORATION,        )
23                                    )
               Defendants.            )    No. 15-1170-GMS
24
                                 - - -
25
```

```
 1    APPEARANCES:

 2            DANIEL M. SILVER, ESQ.
              McCarter & English, LLP
 3                    -and-
              MICHAEL P. SANDONATO, ESQ., and
 4            JOHN D. CARLIN, ESQ.
              Fitzpatrick, Cella, Harper & Scinto
 5            (New York, NY)

 6                              Counsel for Plaintiffs

 7            RODGER D. SMITH, II, ESQ.
              Morris, Nichols, Arsht & Tunnell LLP
 8                    -and-
              ROSS R. BARTON, ESQ.
 9            Alston & Bird LLP
              (Charlotte, NC)
10                    -and-
              MATT M. WARREN, ESQ.
11            Warren Lex LLP
              (San Francisco, CA)
12
                                Counsel for Defendants in C.A.
13                              No. 15-1125-GMS and Acer
                                Defendants
14
              KAREN JACOBS, ESQ.
15            Morris, Nichols, Arsht & Tunnell LLP

16                              Counsel for Defendants in C.A.
                                15-1130-GMS
17
              KAREN E. KELLER, ESQ.
18            Shaw Keller LLP
                      -and-
19            LUCIEN C. CHEN, ESQ.
              Lucien C. Chen, Esq., PLLC
20            (New York, NY)
                      -and-
21            WING K. CHIU, ESQ.
              Perkins Coie LLP
22
                                Counsel for Defendant in
23                              C.A. No. 15-1131-GMS

24

25
```

```
 1    APPEARANCES CONTINUED:

 2         KAREN L. PASCALE, ESQ.
           Young, Conaway, Stargatt & Taylor LLP
 3
                          Counsel for Defendant
 4                        in Civil Action No. 15-1128-GMS

 5    APPEARANCES CONTINUED:

 6         SAMANTHA G. WILSON, ESQ.
           Young Conaway Stargatt & Taylor, LLP
 7
                          Counsel for Defendant Digital
 8

 9                          - - -
```

:51:21  10         THE COURT:  Good afternoon, everybody.  Please,
:51:21
:51:22  11  Take your seats.

:51:23  12              This is an informal affair.

:51:25  13              This is the only place we have to accommodate

:51:28  14  all of you.  Let's start with introductions.

:51:31  15              MR. SILVER:  Good afternoon, Your Honor.  Nice

:51:33  16  to see you.  I am joined today by my co-counsel from

:51:38  17  Fitzpatrick Cella in New York, John Carlin and Michael

:51:41  18  Sandonato, And I have Paul Im (phonetic) from Philips, Your

:51:44  19  Honor.  He is here as well.

:51:45  20              THE COURT:  Good afternoon.

:51:47  21              MR. SMITH:  Good afternoon, Your Honor.  Rodger

:51:49  22  Smith from Morris Nichols.  I am here on behalf of Acer and

:51:53  23  Asus.  On behalf of both of those defendants I am joined by

:51:53  24  Ross Barton from Alston & Bird.  And on behalf of Acer we

:51:53  25  have Matt Warren.

```
:52:16   1              MS. JACOBS:  Good afternoon, Your Honor.  Karen
:52:16   2    Jacobs from Morris Nichols.  I am here on behalf of
:52:16   3    defendants Double Power Technology, Inc., Zowee Marketing
:52:16   4    Co., Ltd., and Shenzen Technology Co., Ltd.
:52:16   5              MS. KELLER:  Your Honor, Good afternoon.  Karen
:52:18   6    Keller from Shaw Keller.  I am here for the HTP defendants.
:52:21   7    Also here today for the HTP defendants is Wing Chiu from
:52:24   8    Perkins Coie, and Lucien Chen from Lucian C. Chen, Esquire
:52:27   9    in New York City on behalf of NiFang.
:52:29  10              THE COURT:  Good afternoon.
:52:31  11              MS. PASCALE:  Good afternoon, Your Honor.  Karen
:52:36  12    Pascale from Young Conaway.  I am here on behalf of
:52:39  13    defendant Southern Telecom.
:52:40  14              THE COURT:  Good afternoon.
:52:43  15              MS. WILSON:  Good afternoon, Your Honor.
:52:45  16    Samantha Wilson from Young Conaway.  I am here on behalf of
:52:47  17    defendant Digital.
:52:49  18              THE COURT: Great.  Thank you.  Thank you all
:52:51  19    for journeying here.  I wish we had this letter in advance.
:52:58  20    I have a sneaking suspicion that the onset of this date
:53:04  21    helped somewhat to stimulate the apparently very productive
:53:07  22    discussion.
:53:08  23              Just as something to keep in mind, I don't know
:53:11  24    about other District Judges, I suspect I speak for all of
:53:15  25    us, you send us a 32-page status report like this when we
```

```
:53:19   1    are trying to, at least I am, trying to implement
:53:22   2    efficiencies for you as much as for chambers, like the
:53:26   3    process that I have been employing.  It makes sense if you
:53:31   4    can sort of bang your heads against one another's heads and
:53:34   5    figure it out before you have to spend your clients' money
:53:38   6    and your valuable time.
:53:40   7              Enough of a lecture for today.
:53:43   8              I will say that as far as I can tell, we have
:53:47   9    two numbered issues, and we do have a request for me to get
:53:53   10   into the weeds with you on your disagreements over discovery
:53:56   11   limits, which I will not do.
:54:00   12             We will use the time here productively, and have
:54:04   13   you talk about that, and before you leave here we will have
:54:08   14   an agreement on a schedule.  That is the benefit of having
:54:11   15   you all here.
:54:18   16             Let me tell you at the outset, see if this will
:54:21   17   make sense for you and help in our further conversations
:54:24   18   today, I don't know if these dates will still work.  I have
:54:27   19   selected April 24, 2017 for a Markman hearing, beginning at
:54:32   20   9:30.  We can talk about how much time you think we are
:54:35   21   going to need.  Again, these are dates I am throwing out for
:54:40   22   discussion, because there has been a passage of time since
:54:42   23   you created the joint status report.
:54:45   24             And an April 10 date -- I like the notion in a
:54:49   25   case of this size of what you call a trial planning
```

```
:54:53   1   conference.  So I have selected April 10, beginning at 10:00
:54:57   2   a.m. here.
:54:58   3                   MR. SMITH:  That is 2018.
:54:59   4                   THE COURT:  Yes, Mr. Smith.  5/11 -- we will
:55:04   5   need to discuss exactly what you have in mind when you say
:55:08   6   first pretrial order and what I am going to require.  For
:55:12   7   now we will leave it at 5/11, close of business, due date
:55:17   8   for the first pretrial order.  June 4 for a pretrial
:55:19   9   conference back here, 10:00 a.m.
:55:22  10                   And June 18 for what you describe as the first
:55:26  11   trial.
:55:27  12                   So those are dates which are uniquely within my
:55:32  13   control that you need that hopefully will help inform this
:55:35  14   discussion.  They may be not workable at all, given the
:55:40  15   passage of time.  I don't know.
:55:42  16                   MR. SMITH:  Your Honor if I might.  The parties
:55:45  17   did proceed with the interim dates since we originally
:55:48  18   submitted the joint status report in May.  Some initial
:55:52  19   disclosures and things have happened.  So the agreement the
:55:55  20   parties memorialized in the letter today, albeit a little
:55:58  21   later than we would have liked, contemplated the same date
:56:01  22   ranges that were in the submission.  As far as I can tell,
:56:04  23   these dates fall within the parameters, the limits we had
:56:08  24   suggested for the Court.
:56:09  25                   MR. SILVER:  Likewise for plaintiffs, Your
```

|       |    |                                                                 |
|-------|----|-----------------------------------------------------------------|
|:56:11 | 1  | Honor.                                                          |
|:56:11 | 2  |     THE COURT:  Good.                       |
|:56:13 | 3  |     That will help make your stay even shorter here. |
|:56:17 | 4  |     Let's go to Item No. 1.  That is whether reply |
|:56:21 | 5  | expert reports should be permitted.  Who wants to submit        |
|:56:25 | 6  | reply expert reports?                                           |
|:56:26 | 7  |     MR. SILVER:  We do, Your Honor.         |
|:56:27 | 8  |     THE COURT:  Why?                        |
|:56:29 | 9  |     MR. SILVER:  Mr. Carlin will address that. |
|:56:36 | 10 |     MR. CARLIN:  I will stay seated.        |
|:56:42 | 11 |     Your Honor, the plaintiffs, Philips, we are the |
|:56:45 | 12 | one that proposed the third round of reports, reply reports.    |
|:56:48 | 13 | The reason we proposed that is, we expect that the first        |
|:56:51 | 14 | time we will see the defendants' experts' opinions on the       |
|:56:56 | 15 | issues of infringement and damages will be with the second      |
|:57:00 | 16 | round of reports.  We would like an opportunity to respond      |
|:57:04 | 17 | to those through our experts.                                   |
|:57:06 | 18 |     Without a third round of reports, we would not |
|:57:09 | 19 | have that opportunity.                                          |
|:57:10 | 20 |     Similarly, the defendants would not have an |
|:57:12 | 21 | opportunity to respond to our validity experts unless there     |
|:57:16 | 22 | was a third round of reports.                                   |
|:57:18 | 23 |     We are concerned that there may be new issues, |
|:57:21 | 24 | new theories, raised in the second round of reports to which    |
|:57:25 | 25 | the other side has not had an opportunity to respond or         |

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
| :57:29 | 1  | address.  And by providing a third round of reports, that is            |
| :57:33 | 2  | addressed.                                                               |
| :57:34 | 3  | I would say we would agree and we propose that                           |
| :57:37 | 4  | the third round of reports should be limited to responding               |
| :57:41 | 5  | to --                                                                    |
| :57:42 | 6  | THE COURT:  I was going to ask --                                        |
| :57:44 | 7  | MR. CARLIN:  -- items that were raised in the                            |
| :57:46 | 8  | second round of reports.  It's just not another opportunity              |
| :57:50 | 9  | to --                                                                    |
| :57:51 | 10 | THE COURT:  To generate a surreply.                                      |
| :57:54 | 11 | MR. CARLIN:  Right.  That is why we think a                              |
| :57:57 | 12 | third round of reports makes sense, Your Honor.                          |
| :57:58 | 13 | THE COURT:  A third round of reports, why not?                           |
| :57:59 | 14 | MR. SMITH:  Your Honor, defense is comfortable                           |
| :58:00 | 15 | with your standard practice of two rounds.  I don't                      |
| :58:03 | 16 | necessarily know why you adopted that practice.                          |
| :58:06 | 17 | THE COURT:  It seems to work over time.                                  |
| :58:08 | 18 | MR. SMITH:  In other cases where you get a third                         |
| :58:11 | 19 | round, you tend to keep going.  New issues come up.  It is a             |
| :58:14 | 20 | breeding ground for motions to strike.  It will go back and              |
| :58:18 | 21 | forth in both directions.  "We sandbagged."  "We didn't do               |
| :58:21 | 22 | this."                                                                   |
| :58:21 | 23 | We are comfortable with Your Honor's normal                              |
| :58:23 | 24 | procedure.  We are comfortable with exchanging contentions               |
| :58:25 | 25 | during the fact discovery period.  Experts will fall out in              |

```
:58:29   1   two rounds of reports.  We know how to do that.  They do,
:58:34   2   too.  That is a good reason.
:58:35   3             THE COURT:  Mr. Smith has well articulated the
:58:37   4   rationale over time for why I have adopted that process.
:58:41   5   Tell me why I should change.
:58:43   6             MR. CARLIN:  It is really what I said before.
:58:45   7             THE COURT:  Then the answer is no.  We are going
:58:48   8   to do two rounds, with respect.
:58:52   9             Two, whether there should be dates post-Markman
:58:55  10   for narrowing the number of claims asserted by plaintiff and
:58:58  11   the number of prior art references relied upon by
:59:01  12   defendants, this, I will tell you, I don't know who proposed
:59:04  13   this, but this seems like a reasonable thing to do.
:59:07  14             MR. SMITH:  Your Honor, it is our proposal.  As
:59:11  15   you can see, there are seven cases here, either nine or ten
:59:16  16   patents in each case.  We just think any effort to manage
:59:20  17   this would be useful.  We had suggested initially two rounds
:59:23  18   of narrowing.  Through the negotiation process, we dropped
:59:27  19   the earlier round, which would have been pre-Markman.
:59:33  20             We can debate whether we should have done that
:59:34  21   or not.  This is post-Markman.  The idea is to get a limited
:59:37  22   number of claims and a limited number of prior art
:59:39  23   references as we head into expert reports again.  It should
:59:43  24   limit the number of disputes, and bring things closer
:59:48  25   together as we get ready for trial.
```

| | | |
|---|---|---|
| :59:50 | 1 | That is the rationale. |
| :59:50 | 2 | MR. CARLIN:  Your Honor, we are in a situation |
| :59:54 | 3 | where we have already served our initial infringement |
| :59:57 | 4 | contentions, so the defendants have a lot of clarity on what |
| :00:00 | 5 | claims we are asserting and our bases for the assertions. |
| :00:03 | 6 | At this point the number of claims in issue I think is very |
| :00:06 | 7 | manageable.  We have ten patents, nine patents in -- |
| :00:09 | 8 | THE COURT:  How many claims are being asserted? |
| :00:12 | 9 | MR. CARLIN:  A total of 44. |
| :00:14 | 10 | THE COURT:  What is manageable may be in the eye |
| :00:18 | 11 | of the beholder.  But go ahead. |
| :00:19 | 12 | MR. CARLIN:  At this stage, before we have any |
| :00:22 | 13 | discovery, before we have seen any of their validity |
| :00:24 | 14 | contentions, we have less than five claims per patent.  That |
| :00:28 | 15 | is actually what I believe the defendants were proposing |
| :00:30 | 16 | would be the first stage of narrowing, so we are already |
| :00:34 | 17 | within that window. |
| :00:38 | 18 | When defendants say they have dropped the first |
| :00:40 | 19 | proposed stage of narrowing, that, I think, really, what has |
| :00:44 | 20 | happened is they have dropped the requirement that they were |
| :00:47 | 21 | proposing for them to limit their prior art references, |
| :00:51 | 22 | because we have already given them our asserted claims.  We |
| :00:54 | 23 | are already less than, on average, across all the patents, |
| :00:58 | 24 | the number that they proposed we be limited to. |
| :01:01 | 25 | We think what makes sense, Your Honor, is, we |

:01:03   1   are going to get their validity contentions at the end of
:01:08   2   September.  We think what makes most sense is for us to take
:01:11   3   a look at those and then confer about the need for further
:01:16   4   case narrowing and an appropriate time for doing so.
:01:22   5              Right now we think the number of claims at
:01:24   6   issue, given the number of patents, is pretty manageable
:01:28   7   without -- we have gotten there without any Court order
:01:31   8   directing us to limit claims.  We think once we have the
:01:35   9   information on their validity contentions, we can confer and
:01:39   10  see when and if it makes sense to narrow things further.
:01:43   11             THE COURT:  Mr. Smith, that seems to me to be a
:01:46   12  reasonable way to manage this from my perspective and the
:01:49   13  parties.  It does afford an opportunity, if necessary, to
:01:52   14  revisit this and to have me impose an artificial deadline.
:01:57   15  I don't know, and I can't know and don't want to know
:02:01   16  everything you know.  A judge doesn't need to know that.
:02:06   17             MR. SMITH:  Your Honor, one point for the
:02:07   18  record.  We made that proposal in the first round before we
:02:11   19  had their infringement contentions.  It is not a
:02:14   20  self-serving suggestion.  We think there would be some value
:02:18   21  in setting a date and let us maybe negotiate between now and
:02:22   22  the submission of the scheduling order as to what the number
:02:24   23  of parameters would be, not ask Your Honor to set those but
:02:28   24  ask us to come up with that sooner rather than later.  As
:02:31   25  you can see, it took us a number of months even to get to

```
:02:34   1    this negotiation.  Putting it to another day with a later
:02:38   2    meet-and-confer may drag this out unnecessarily.
:02:40   3                THE COURT:  Speaking of being dragged, you don't
:02:43   4    want to be dragged back here.  It seems to me that that
:02:46   5    might have sort of a sobering impact if the meet-and-confer
:02:50   6    doesn't result in a reasonable compromise on this issue.
:02:55   7    You are going to be back in Wilmington and you will be
:02:59   8    spending your clients money needlessly.  It shouldn't
:03:03   9    happen.
:03:03  10                I am comfortable with leaving it, as counsel
:03:06  11    suggests, at the end of September for the initial
:03:09  12    meet-and-confer, relying on the good offices of good
:03:12  13    professionals to do what makes sense for the case and for
:03:14  14    your clients' budgets.
:03:16  15                If not, I am perfectly able and willing to
:03:19  16    revisit this.
:03:22  17                MR. SMITH:  I understand your position, Your
:03:23  18    Honor.  We will abide by whatever Your Honor rules.
:03:26  19                THE COURT:  Build that into the case management
:03:28  20    order, that language that you are going to develop, that I
:03:32  21    am going to task the plaintiff with preparing and getting it
:03:36  22    to us by Monday, the 12th, close of business.
:03:47  23                So that said, what I would like to do is to
:03:49  24    leave, and come back when you tell me you have finished your
:03:53  25    conversations about discovery limits.
```

```
:03:56   1              MR. SILVER:  Your Honor, if I may, only because
:03:58   2    I think it may be helpful to all of us, if we could talk --
:04:02   3    I think there are some fundamental issues.  If Your Honor
:04:04   4    would give us some guidance, we could easily work out the
:04:08   5    issues.
:04:09   6              I think we have a fundamental disagreement that
:04:11   7    if we had Your Honor's thoughts on it it would help pave the
:04:15   8    way.
:04:15   9              It really boils down to the limits, first if we
:04:18  10    were to talk about depositions, from our point of view, we
:04:22  11    need a certain number of depositions per each defendant
:04:25  12    group because although all the products we have accused are
:04:29  13    unique to each defendant, on the flip-side, from our point
:04:33  14    of view, the defendants are going to be taking invalidity
:04:35  15    discovery that is going to be almost entirely overlapping,
:04:38  16    so when they depose our inventors they don't need to depose
:04:42  17    our inventors seven times.  They may need a little more time
:04:47  18    with our inventors because there are seven them and they may
:04:50  19    have followup questions and so on.
:04:51  20              But one of the stumbling blocks with regard to
:04:54  21    depositions is whether or not plaintiffs and defendants
:04:56  22    collectively should each have the same total number of
:04:59  23    hours, which from our perspective doesn't make a lot of
:05:02  24    sense.  From their perspective it does.
:05:06  25              Your Honor has had multi-defendant cases before.
```

:05:09  1   There is typically some kind of equitable allotment, given
:05:09  2   the nature the case and how the discovery is going on play
:05:13  3   out.  So we think on that point Your Honor's guidance might
:05:14  4   help resolve a lot.
:05:16  5            THE COURT:  Mr. Smith.
:05:18  6            MR. SMITH:  Your Honor, certainly we have been
:05:19  7   involved in similar cases where there is a disparate number.
:05:22  8   The way it stands right now I believe it's 700 versus 350.
:05:27  9   That is too far out of whack for us, the total number of
:05:30 10   hours, so plaintiffs could take 700 hours of defendants and
:05:34 11   we get 350 going back.  It may be a product of conversation
:05:37 12   and negotiation to adjust that number so it makes more sense
:05:41 13   for us.
:05:41 14            The other piece, from the defendants' side,
:05:44 15   there are certain larger defendants, my clients.  And other
:05:48 16   defendants are smaller players.  We suggested a differential
:05:51 17   number so in the smaller cases you couldn't take more than
:05:57 18   70 hours, in the larger cases a hundred hours.  Something
:06:00 19   like that.  If we could work that into the negotiation, I
:06:03 20   think we could get to a more common ground.
:06:04 21            THE COURT:  I don't know there is a lot I can
:06:06 22   say, because it seems you are both prepared to reasonably
:06:10 23   approach this.  I can certainly, I am sure you and your
:06:14 24   colleague can understand this, as well, understand the
:06:18 25   concern about overlapping, particularly with inventors.

```
:06:21   1                   MR. SMITH:  Certainly, Your Honor.  We are not
:06:23   2   trying to in any way overburden witnesses or anything like
:06:25   3   that.
:06:25   4                   THE COURT:  Deps per defendant group, that sort
:06:30   5   of resonates with me.  I don't know how you feel about that.
:06:34   6                   MR. SMITH:  A cap.
:06:37   7                   THE COURT:  Yes.
:06:38   8                   MR. SILVER:  From our perspective, if an
:06:39   9   inventor is going to be deposed, he can be deposed once, not
:06:43  10   seven times.  If they need more time, they can have it.
:06:46  11                   THE COURT:  I am in accord with that.
:06:48  12                   MR. SMITH:  No disagreement with that.
:06:51  13                   MR. SILVER:  Thank you, Your Honor.  That is
:06:53  14   very helpful.
:06:53  15                   On the related issue of interrogatories,
:06:56  16   defendants have gotten -- I am not asking for a ruling but
:07:00  17   to let you know the fundamental issue is, they want 25
:07:03  18   unique interrogatories per defendant to serve on plaintiff,
:07:06  19   so we would get hit with a total of 175 interrogatories,
:07:10  20   even though, again from our perspective, a lot of common
:07:13  21   issues predominate.  We initially suggested I think 15 joint
:07:18  22   interrogatories and then each defendant gets ten individual
:07:23  23   interrogatories.  I think we can flip those and go ten joint
:07:27  24   15 individual, just so we are not answering 175
:07:30  25   interrogatories.
```

```
:07:31   1              I think it's the same issue.  I will let Mr.
:07:33   2   Smith speak to it if he wants.
:07:35   3              MR. SMITH:  The same issue of disparity.  175
:07:38   4   versus 115 is the difference.
:07:41   5              THE COURT:  Let me let you talk.  Let's do that.
:07:45   6   If one of you just knocks on that door, Mr. Buckson will
:07:49   7   come get me.
:07:49   8              (Recess taken.)
:07:49   9              - - -
:07:49  10   Reporter:  Kevin Maurer
```