# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br> v. <br><br> ASUSTEK COMPUTER INC., <br> ASUS COMPUTER INTERNATIONAL, <br><br> Defendants. <br><br> MICROSOFT CORPORATION, <br><br> Intervenor-Plaintiff, <br> v. <br><br> KONINKLIJKE PHILIPS N.V., <br> U.S. PHILIPS CORPORATION, <br><br> Intervenor-Defendants. | C.A. No. 15-1125-GMS <br><br> JURY TRIAL DEMANDED |

**MICROSOFT CORPORATION'S COMPLAINT IN INTERVENTION**

Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure, Intervenor-Plaintiff Microsoft Corporation ("Microsoft") alleges as follows for its Complaint in Intervention against Plaintiffs and Intervenor-Defendants Koninklijke Philips N.V. and U.S. Philips Corporation (collectively, "Philips" or "Plaintiffs"):

1. Microsoft seeks a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

**PARTIES**

2. Microsoft is a corporation organized under the laws of the State of Washington, with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

3. Plaintiff and Defendant in Intervention Koninklijke Philips N.V., formerly known as Koninklijke Philips Electronics N.V., purports to be a corporation organized and existing under the laws of the Netherlands with its principal place of business at High Tech Campus 5, 5656 AE Eindhoven, the Netherlands.

4. Plaintiff and Defendant in Intervention U.S. Philips Corporation purports to be a corporation organized and existing under the laws of Delaware with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400.

7. This Court has personal jurisdiction over Philips due to its filing of the original and amended Complaints in this action.

## FACTUAL BACKGROUND AND MICROSOFT'S INTEREST IN THIS ACTION

8. Philips filed its original Complaint in this action on December 7, 2015, accusing ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUS") of selling smartphones, tablet computers, notebooks, and All-in-One PCs that infringe certain claims of United States Patent Nos. RE 44,913 ("the '913 patent"), 6,690,387 ("the '387 patent"), 7,184,064 ("the '064 patent"), 7,529,806 ("the '806 patent"), 5,910,797 ("the '797 patent"), 6,522,695 ("the '695 patent"), RE 44,006 ("the '006 patent"), 8,543,819 ("the '819 patent"), 6,772,114 ("the '114 patent"), and RE 43,564 ("the '564 patent") (collectively, the "Asserted Patents").

9. ASUS is a customer of Microsoft's. ASUS sells computer products that incorporate Microsoft's Windows Operating System.

10. On April 11, 2016, Philips filed a First Amended Complaint against ASUS. D.I. 18 ("First Amended Complaint"). In the First Amended Complaint, Philips alleges that either Koninklijke Philips N.V. or U.S. Philips Corporation is "the assignee and owner" of each of the Asserted Patents and the sole owner of "the right to sue and recover for any and all infringements" of each of the Asserted Patents. *Id*. at ¶¶ 11-20, 38, 54, 72, 85, 101, 110, 119, 128, 145, 154.

11. On August 26, 2016, Philips served its Initial Infringement Contentions Against the ASUS Defendants ("Infringement Contentions") (filed herewith as Exhibit A). The Infringement Contentions specifically identify numerous Acer devices that run Windows as allegedly infringing products. *See* Ex. A, App. K. Additionally, the Infringement Contentions specifically assert that Windows provides the allegedly infringing functionality for certain Asserted Patents.

12. The '913 patent is entitled "Text entry method and device therefor." The Infringement Contentions allege that ASUS infringes claims 1, 3, 4, 5, 8, 9, 12, 13, and 16 of the '913 patent both literally and under the doctrine of equivalents. Ex. A at 2; *see also id*. at App. A. Philips also alleges induced and contributory infringement of claims 1, 9, and 12 of the '913 patent. *Id*. at 2-3. The Infringement Contentions include allegations specifically directed to "'913 Windows Accused Products," which Philips defines as products "preloaded with Microsoft Windows version 8 or higher." *Id*., App. A at 1. The Infringement Contentions state (*see id*.) that these accused Windows products are listed in Appendix K, which identifies more than 65 products that run Windows. The Infringement Contentions also cite to Microsoft Windows 8 and Windows 10 online documents and Windows 10-related books that refer to

touch keyboards to support the allegations of functionality for the '913 Windows Accused Products. *See id.*, App. A at 1, 4-6, 10, 12-13, 15-17, 19-20, 22; *see generally id.*, App. A at Ex. B.

   13. The '387 patent is entitled "Touch-screen image scrolling system and method." The Infringement Contentions allege that ASUS infringes claims 9, 11, and 12 of the '387 patent both literally and under the doctrine of equivalents. Ex. A at 3; *see also id.*, App. B. Philips also alleges induced and contributory infringement of claims 9, 11, and 12 of the '387 patent. *Id.* at 3-4. The Infringement Contentions include allegations specifically directed to "'387 Windows Accused Products," which Philips defines as products "preloaded with Microsoft Windows version 7 or higher." *Id.*, App. B at 1-2. The Infringement Contentions state (*see id.*) that these accused Windows products are listed in Appendix K, which identifies more than 65 products that run Windows. The Infringement Contentions also cite to Microsoft Windows 8 and Windows 10 support documents to support the allegations of functionality for the '387 Windows Accused Products. *Id.*, App. B at 2, 4-5, 7, 8-13, 15, 18-19; *see generally id.*, App. B at Ex. C.

   14. The '064 patent is also entitled "Touch-screen image scrolling system and method." The Infringement Contentions allege that ASUS infringes claims 1, 2, 3, 5, 6, and 8 of the '064 patent both literally and under the doctrine of equivalents. Ex. A at 4; *see also id.*, App. C. The Infringement Contentions include allegations specifically directed to "'064 Windows Accused Products," which Philips defines as products "preloaded with Microsoft Windows version 7 or higher." *Id.*, App. C at 2. The Infringement Contentions state (*see id.*) that these accused Windows products are listed in Appendix K, which identifies more than 65 products that run Windows. The Infringement Contentions also cite to Microsoft Windows 8 and Windows 10

support documents to support the allegations of functionality for the '064 Windows Accused Products. *Id.*, App. C at 2, 5-6, 8-13, 16, 19-20, 24-25; *see generally id.*, App. C at Ex. C.

15. The '695 patent is entitled "Transmitting device for transmitting a digital information signal alternately in encoded form and non-encoded form." The Infringement Contentions allege that ASUS infringes claims 14, 15, and 17 of the '695 patent both literally and under the doctrine of equivalents. Ex. A at 5; *see also id.*, App. F. The Infringement Contentions include allegations specifically directed to "'695 Windows Accused Products," which Philips defines as products "preloaded with Microsoft Windows version 10 or higher." *Id.*, App. F at 2. The Infringement Contentions state (*see id.*) that these accused Windows products are listed in Appendix K, which identifies more than 65 products that run Windows. The Infringement Contentions also cite to Microsoft Windows 10 support for FLAC audio to support the allegations of functionality for the '695 Windows Accused Products. *Id.*, App. F at 2; *see generally id.*, App. F at Ex. B.

16. The '564 patent is entitled "Hand-held with auto-zoom for graphical display of web page." The Infringement Contentions allege that ASUS infringes claims 1, 2, 3, 4, 5, and 7 of the '564 patent both literally and under the doctrine of equivalents. Ex. A at 7; *see also id.*, App. J. The Infringement Contentions include allegations specifically directed to "'564 Windows Accused Products," which Philips defines as products "preloaded with Microsoft Windows version 7 or higher." *Id.*, App. J at 1. The Infringement Contentions state (*see id.*) that these accused Windows products are listed in Appendix K, which identifies more than 65 products that run Windows. The Infringement Contentions also cite to photos of an Acer Aspire Switch 10E running Windows 10 to support the allegations of functionality for the '564

Windows Accused Products. *Id.*, App. J at 4-6, 8-9, 11-12, 15, 17-18; *see generally id.*, App. J at Ex. C.

17. Philips' assertions that ASUS's Windows-based tablet, notebook, All-in-One PC, and 2-in-1 PC products infringe at least five of the ten Asserted Patents as a result of functionality provided by Windows are tantamount to allegations that Microsoft's own Windows products directly infringe these Asserted Patents. Thus, Microsoft has a direct and substantial interest in defending against and defeating Philips' claims of infringement.

18. Upon information and belief, Philips has taken the position that at least the use, sale, and offer for sale of the Windows Operating System pre-installed in the accused ASUS products infringes one or more claims of at least five of the ten Asserted Patents.

19. An actual and justiciable controversy exists between Microsoft and Philips as to whether or not Microsoft has infringed any claim of the Asserted Patents, directly or indirectly, based on the Windows Operating System.

20. As a result of Philips' Windows-based infringement allegations against ASUS, Microsoft has an objectively reasonable apprehension that Philips will claim that Microsoft's products, including at least the Windows Operating System, directly or indirectly infringe one or more claims of the Asserted Patents. Therefore, an actual controversy exists between Microsoft and Philips. By intervening in this action, Microsoft seeks the Court's assistance and declaration concerning these matters, which have been and are subjects of disagreement among the parties.

**COUNT 1**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. RE 44,913)**

21. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 20.

22.     A valid and justiciable controversy has arisen and exists between Microsoft and Philips regarding the '913 patent.

23.     Microsoft does not infringe any claim of the '913 patent, including claims 1, 3, 4, 5, 8, 9, 12, 13, and 16, either directly or indirectly.

24.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Microsoft can determine its rights and duties with respect to the parties and with respect to designing, developing, manufacturing, marketing, and selling its products. Absent such a declaration, Philips will continue to assert the '913 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

## COUNT 2

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 6,690,387)**

25.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 24.

26.     A valid and justiciable controversy has arisen and exists between Microsoft and Philips regarding the '387 patent.

27.     Microsoft does not infringe any claim of the '387 patent, including claims 9, 11, and 12, either directly or indirectly.

28.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Microsoft can determine its rights and duties with respect to the parties and with respect to designing, developing, manufacturing, marketing, and selling its products. Absent such a declaration, Philips will continue to assert the '387 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

## COUNT 3

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,184,064)**

29.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 28.

30.     A valid and justiciable controversy has arisen and exists between Microsoft and Philips regarding the '064 patent.

31.     Microsoft does not infringe any claim of the '064 patent, including claims 1, 2, 3, 5, 6, and 8, either directly or indirectly.

32.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Microsoft can determine its rights and duties with respect to the parties and with respect to designing, developing, manufacturing, marketing, and selling its products.  Absent such a declaration, Philips will continue to assert the '064 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage.  Microsoft has no other adequate remedy at law.

## COUNT 4

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 6,522,695)**

33.     Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 32.

34.     A valid and justiciable controversy has arisen and exists between Microsoft and Philips regarding the '695 patent.

35.     Microsoft does not infringe any claim of the '695 patent, including claims 14, 15, and 17, either directly or indirectly.

36.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Microsoft can determine its rights and duties with respect to the parties and with

respect to designing, developing, manufacturing, marketing, and selling its product. Absent such a declaration, Philips will continue to assert the '695 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

## COUNT 5

**(Declaratory Judgment of Noninfringement of U.S. Patent No. RE 43,564)**

37. Microsoft restates, realleges, and incorporates by reference paragraphs 1 through 36.

38. A valid and justiciable controversy has arisen and exists between Microsoft and Philips regarding the '564 patent.

39. Microsoft does not infringe any claim of the '564 patent, including claims 1, 2, 3, 4, 5, and 7, either directly or indirectly.

40. A judicial declaration concerning these matters is necessary and appropriate at this time so that Microsoft can determine its rights and duties with respect to the parties and with respect to designing, developing, manufacturing, marketing, and selling its products. Absent such a declaration, Philips will continue to assert the '564 patent against Microsoft and/or Microsoft's customers, and thereby cause Microsoft irreparable injury and damage. Microsoft has no other adequate remedy at law.

## REQUESTED RELIEF

Therefore, Microsoft requests judgment against Philips as follows:

a. A Declaration that Microsoft does not infringe any claim of the '913 patent;

b. A Declaration that Microsoft does not infringe any claim of the '387 patent;

c. A Declaration that Microsoft does not infringe any claim of the '064 patent;

d. A Declaration that Microsoft does not infringe any claim of the '695 patent;

  e.  A Declaration that Microsoft does not infringe any claim of the '564 patent;

  f.  A determination that this case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling Microsoft to an award of its reasonable attorneys' fees, expenses and costs; and

  g.  A grant of such other and further equitable or legal relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Microsoft hereby demands trial by jury on all issues so triable.

ASHBY & GEDDES

*Of Counsel:*

Chad S. Campbell
Jared W. Crop
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
(602) 351-8000

Judith Jennison
Christina McCullough
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
(206) 359-8000

Dated:  November 4, 2016

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys For Intervenor-Plaintiff Microsoft Corporation*