IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION, <br><br> Plaintiffs/Intervenor-Defendants/Counterclaim Plaintiffs in Intervention, <br><br> v. <br><br> ACER INC. and ACER AMERICA CORPORATION, <br><br> Defendants, <br><br> and <br><br> MICROSOFT CORPORATION, <br><br> Intervenor-Plaintiff/ Counterclaim Defendant in Intervention, <br><br> and <br><br> MICROSOFT MOBILE INC., <br><br> Counterclaim Defendant in Intervention. | C.A. No. 15-1170 (GMS) |

**REPLY BRIEF IN SUPPORT OF ACER INC. AND ACER AMERICA CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

OF COUNSEL:

Matthew Warren
Patrick Shields
Brian Wikner
Erika Mayo
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA 94114
(415) 895-2940

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants Acer Inc. and Acer America Corporation*

Kai Tseng
Hsiang ("James") H. Lin
Craig Kaufman
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
(650) 517-5200


February 6, 2017

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT.............................................................................................................................. 1

    I.    Philips' Opposition Confirms that the Asserted Claims of the RE'564 Patent Are Unenforceable Because Philips Improperly Broadened Them During Reissue ............................................................................................. 1

        A.    The Court Need Not Determine Whether the Change During '203 Prosecution from "Touch Location" to "Touch Screen" Was Inadvertent................................................................................... 1

        B.    The Change From "Touch Screen" to "Touch Location" Did Not Fix an Error Readily Apparent From Review of the '203 Patent ......... 2

    II.    Philips' Opposition Confirms that Philips Cannot Assert the '797 Patent Because The Claims Issued with Material Errors that Philips Has Failed to Correct ................................................................................. 5

        A.    The Omission of "Means" Is Material................................................ 5

        B.    The Omission of "Means" is Not "Evident on the Face of the Patent"................................................................................................ 6

        C.    Only the Patent Office Can Correct This Error................................... 7

    III    The Court Has Sufficient Information and Authority to Resolve This Issue Now. ....................................................................................................... 8

CONCLUSION.......................................................................................................................... 10

## TABLE OF AUTHORITIES

*Cases*         Page

*AIA Eng'g Ltd. v. Magotteaux Int'l*,
  657 F.3d 1264 (Fed. Cir. 2011) ................................................................................. 8

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
  709 F.3d 1348 (Fed. Cir. 2013) ................................................................................. 9

*Cybor Corp. v. FAS Techs., Inc.*,
  138 F.3d 1448 (Fed. Cir. 1998) ................................................................................. 8

*Forest Labs., Inc. v. Ivax Pharms., Inc.*,
  501 F.3d 1263 (Fed. Cir. 2007) ............................................................................ 2-3, 4

*Forest Labs., Inc. v. Ivax Pharms., Inc.*,
  438 F. Supp. 2d 479 (D. Del. 2006) ...................................................................... 2-3, 4

*In re Fotland*,
  779 F.2d 31 (Fed. Cir. 1985) ...................................................................................... 2,

*Graham v. John Deere Co. of Kansas City*,
  383 U.S. 1 (1966) ........................................................................................................ 4

*Group One, Ltd. v. Hallmark Cards, Inc.*,
  407 F.3d 1297 (Fed. Cir. 2005) .................................................................................. 7

*Hester Indus., Inc. v. Stein, Inc.*,
  142 F.3d 1472 (Fed. Cir. 1998) .................................................................................. 2

*H-W Tech., L.C. v. Overstock.com, Inc.*,
  758 F.3d 1329 (Fed. Cir. 2014) ........................................................................ 5, 6, 7,

*Jay v. Spectrum Brands Holdings, LLC*,
  No. 13-8137, D.I. 88, 2015 WL 2211921 (S.D.N.Y. May 12, 2015) ......................... 6

*LifePort Scis. LLC v. Cook Inc.*,
  No. 13-362, D.I. 108 (D. Del. Aug. 20, 2015) .......................................................... 10

*Medtronic, Inc. v. Guidant Corp.*,
  465 F.3d 1360 (Fed. Cir. 2006) .................................................................................. 8

*Novo Indus., L.P. v. Micro Molds Corp.*,
    350 F.3d 1366 (Fed. Cir. 2003) ............................................................................... 7-8

*Pegasus Dev. v. DirecTV, LLC*,
    C.A. No. 00-120, D.I. 693 (D. Del. Apr. 1, 2013) ..................................................... 10

*Rembrandt Data Techs., LP v. AOL, LLC*
    641 F.3d 1331 (Fed. Cir. 2011) ..................................................................................... 7

*Rembrandt Data Techs., LP v. AOL, LLC*
    673 F. Supp. 2d 420 (E.D. Va. 2009) ........................................................................... 7

*Scripps Clinic & Research Found. V. Genentech, Inc*,
    927 F.2d 1565 (Fed. Cir. 1991) ..................................................................................... 2

*Sirona Dental Sys. Inc. v. Dental Imaging Tecs. Corp.*,
    C.A. No. 10-288, D.I. 143 (D. Del. Jan. 26, 2012) ..................................................... 10

*TechSearch, L.L.C. v. Intel Corp.*
    286 F.3d 1370 (Fed. Cir. 2002) ..................................................................................... 9

*Teva Pharms. USA, Inc. v. Sandoz, Inc.*,
    135. S. Ct. 831 (2015) ................................................................................................... 9

*Westvaco Corp. v. Int'l Paper Co.*,
    991 F.2d 736 (Fed. Cir. 1993) ....................................................................................... 8

                              *Statutes and Regulations*                        <u>Page</u>

Federal Rule of Civil Procedure 12 ................................................................................... 8, 9

35 U.S.C. § 112 ............................................................................................................ 1, 5, 6, 10

35 U.S.C. § 251 ....................................................................................................................... 5

37 C.F.R. § 1.175 .................................................................................................................... 2

**INTRODUCTION**

In opposing Acer's motion for judgment on the pleadings, Philips makes three arguments, all of which fail. First, Philips argues that the RE'564 is not a broadening reissue because the '203 patent claims included an "error that was readily apparent to one of ordinary skill in the art reviewing the patent." But the '203 claims make sense on their own terms and in light of the specification and thus give no reason to expect any error. Second, Philips accepts the error in the '797 patent, but argues that omitting "means" did not matter, because it was both obvious and immaterial. But the '797 claims read coherently without "means" and its absence is not evident. Further, the error is material, as it shifts the analysis governing claim interpretation from *Phillips v. AWH Corp.* to 35 U.S.C. § 112, ¶ 6. Third, Philips argues that the Court should delay these issues until the upcoming *Markman* hearing. But the Court has sufficient authority and information to hear these issues on this motion, and delay will not resolve them. Acer thus respectfully requests that the Court grant Acer's motion in its entirety.

**ARGUMENT**

**I. Philips' Opposition Confirms That the Asserted Claims of the RE'564 Patent Are Unenforceable Because Philips Improperly Broadened Them During Reissue**

**A. The Court Need Not Determine Whether the Change During '203 Prosecution From "Touch Location" to "Touch Screen" Was Inadvertent**

Throughout its opposition to Acer's motion, Philips calls the change during the '203 prosecution from "substantially centered around the touch location" to "substantially centered around the touch screen" an "inadvertent clerical error" because, on May 13, 2002, "the text of the wherein clause was incorrectly copied from claim 9 as originally added in January 30, 2002 amendment." Opp. at 5; *see id.* at 3-6, 12-14. This is a change unlikely to be considered inadvertent; it introduced language not previously in the claim, and Philips does not explain how it could be "incorrectly copied" from a previous version of the claim in which it did not exist. *Id.* Nor does Philips address the apparent coincidence in which the examiner repeatedly rejected the claim over prior art, the applicant modified the language from the broader "touch location" to the narrower "touch screen," and the examiner then allowed the claim. Mot. at 3-4. Instead, Philips

considers it conclusive that there was "no bracketing or underlining in the last element of the wherein clause" when it made its "inadvertent clerical error." Opp. at 4-5, 14. Philips admits, however, that during the RE'564 prosecution, when it intentionally sought to change "touch screen" to "touch location," it *again* omitted to include the *same* bracketing. Ex. 3 at 2824, 2843; *see* Opp. at 6 (incorrectly citing Ex. 3 at 2833 instead of Ex. 3 at 2824).[1]

But the Court need not determine whether the change from "touch location" to "touch screen" was intentional or inadvertent, because an inadvertent error does not excuse a broadening reissue. Indeed, the Patent Office may reissue a patent *only* if there are errors in the original. 35 U.S.C. § 251(a); *see, e.g.*, *Hester Indus., Inc. v. Stein, Inc.*, 142 F.3d 1472, 1479 (Fed. Cir. 1998). Because the "purpose of the reissue statute is to avoid forfeiture of substantive rights due to error made without intent to deceive," *Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1575 (Fed. Cir. 1991)), to commence the RE'564 reissue, the applicant submitted a declaration, required by 37 C.F.R. § 1.175(a)(2), stating that the errors "arose without any deceptive intention on the part of the applicant"—that is, that they were inadvertent. Ex. 3 at 2717. Because *every* error corrected by reissue must be inadvertent, a claim of inadvertent error cannot overcome the two-year bar on broadening; if it could, the two-year bar would have no meaning, and could not fulfill its "purpose . . . to set a limited time after which the public may rely on the scope of the claims of an issued patent." *In re Fotland*, 779 F.2d 31, 33 (Fed. Cir. 1985). The question for this Court is thus not whether the reissue repaired an inadvertent error, but whether doing so broadened any claim.

### B. The Change From "Touch Screen" to "Touch Location" Did Not Fix an Error Readily Apparent From Review of the '203 Patent

Philips argues that this case is on all fours with *Forest Labs., Inc. v. Ivax Pharms., Inc.*, 438 F. Supp. 2d 479 (D. Del. 2006), *aff'd*, 501 F.3d 1263 (Fed. Cir. 2007). It is not. In *Forest Laboratories*, the patentee erroneously switched a minus for a plus in chemical notation; the original patent claim should have included "a (+)-diol intermediate" but instead claimed "a (-)-

---

[1] As did Acer's original motion, this reply uses the exhibits Acer attached to its Answer, D.I. 92. Exhibit 11 is new, and Acer has therefore attached it directly to this reply.

diol intermediate"; the reissue corrected this error. 501 F.3d at 1267. Although the reissue commenced more than two years after issuance, the District Court found that "it would have been readily apparent to one of ordinary skill in the art that claim 11" of the former patent "contained a typographical error in the optical rotation sign of the Diol Intermediate, the correction of which did not broaden the claim." 438 F. Supp. 2d at 497. Without correction, the Court noted, the claim "results in what one skilled in the art would know is a chemically impossible reaction." *Id.* at 498. The Court of Appeals affirmed, finding "no error in the district court's finding." 501 F.3d at 1271. Philips' opposition centers around its assertion that this case is the same as *Forest Laboratories*, and should lead to the same result. But the facts here are quite different, and they compel a different conclusion.

Echoing the *Forest Laboratories* Court's reliance on "chemically impossible reaction" in the uncorrected claim, Philips and its expert argue that '203 claim 1 "does not make sense as it is physically impossible," because "Something that is literally centered 'around' a touch screen would be located outside of the touch screen boundary." Greenspun Decl. ¶ 17; Opp. at 13. There are two problems with this argument. First, it depends on a claim construction—assumed but not explicit—that "centered around" means "surrounding." To the extent this term needs construction beyond its plain English meaning, the best construction comes from the specification—"has a center coinciding with"—which is the same meaning as the plain English, and eliminates any assertion of impossibility. Ex. 2 at 4:19. The Court need not resolve this issue, however, because the '203 claims are not "physically impossible" even if Philips' assumed construction is correct. The '203 patent concerns zooming—enlarging an image—which by its nature often moves some portions of a pre-zoomed image "outside the boundary of the screen." If Philips' assumed construction is correct, the claim still makes perfect sense, because "substantially centered around the touch screen" modifies the "image at the first scale," which is the original, unzoomed-in image. Ex. 2 at 6:4-6. Once zooming has occurred, as it has by this point in the claim, some portions of the unzoomed image could easily "located outside of the touch screen boundary"—indeed, that result would be quite common in many zooming contexts,

and not "physically impossible," as Philips and its expert contend. Thus Philips' assumed construction might yield a slightly narrower claim, requiring a zoom pushing part of the image off the screen, but the claim could not be "physically impossible" even under Philips' view of it.

Again echoing *Forest Laboratories*, Philips argues that "the specification provides no support for 'substantially centered around the touch screen,'" but only "teaches zooming-in centered around a touch location." Opp. at 13. Again, however, the facts of this case are quite different. In *Forest Laboratories*, the Court found that the original claim was "contrary to the very examples contained within the specification." 438 F. Supp. 2d at 498. Here, Philips argues that the '203 specification teaches zooming centered around touch location (Opp. at 13; Greenspun Decl. ¶¶ 18-19), but neglects to mention that the '203 specification also teaches zooming *generally* (Ex. 2 at 4:20-34), preventing the claim language from being "contrary to the very examples contained within the specification." 438 F. Supp. 2d at 498. Although the claim scope ends up narrower than the specification, that result is required when an applicant narrows in prosecution to overcome prior art, because "claims that have been narrowed in order to obtain the issuance of a patent by distinguishing the prior art cannot be sustained to cover that which was previously by limitation eliminated from the patent." *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 33 (1966); *see supra* at 2 n.1.

For all these reasons, Philips' reissue change from "touch screen" to "touch location" does not merely correct an "error that was readily apparent to one of ordinary skill in the art reviewing the patent." *Forest Labs.*, 501 F.3d at 1270. To the contrary, Philips and its expert can only discern the "typographical error" by reviewing the '203 claims, specification and prosecution history; by ascribing great significance to a lack of bracketing in the '203 prosecution while dismissing as insignificant the strikingly similar lack of bracketing in the RE'564 prosecution history; and, despite focusing on the '203 prosecution as providing key evidence informing the meaning claims, by ignoring the classic pattern of the '203 prosecution: a series of rejections followed a change in the claim language, followed by allowance quoting the changed claim language. To resolve this motion, however, the Court need not decide whether

the change during the '203 prosecution from "touch location" to "touch screen" was intentional or inadvertent, *see supra*; once the Court finds no "error that was readily apparent to one of ordinary skill in the art reviewing the patent," then *Forest Laboratories* does not apply and the claim cannot survive the prohibition on broadening reissues in 35 U.S.C. § 251. Because there was no such obvious and indisputable error, the Court should grant Acer's motion.

## II. Philips' Opposition Confirms that Philips Cannot Assert the '797 Patent Because The Claims Issued with Material Errors that Philips Has Failed to Correct

As Acer's motion explained, the Patent Office erroneously left "means" out of claim 1 of the '797, which thus incorrectly recited a "gravitation-controlled sensor" instead of "gravitation-controlled sensor means" (Mot. at 5-6, 11-12); this error renders the '797 unenforceable under *H-W Technology, L.C. v. Overstock.com, Inc.*, 758 F.3d 1329, 1335 (Fed. Cir. 2014), which held that "[w]hen, as here, a claim issues that omits a material limitation, and such omission is not evident on the face of the patent, the patentee cannot assert that claim until it has been corrected by the PTO." Philips' opposition does not address or even cite *H-W Technology*; instead Philips effectively argues that *H-W Technology* does not apply because the error in the '797 patent is immaterial or evident on the face of the patent. Philips is wrong on both of these points, and raises no further challenge to *H-W Technology*; it applies, and dooms the '797 patent.

### A. The Omission of "Means" Is Material

"Means" is an important word in patent law. Its appearance brings the presumption that 35 U.S.C. § 112, ¶ 6 applies to a term; its absence, the opposite presumption. As Acer explained in its motion, if claim 1 of the '797 patent had recited "gravitation-controlled sensor means," it would include only sensor embodiments disclosed in the specification; as erroneously issued without the word "means," it is not so limited. Mot. at 11. Thus the legal significance of "means," both generally and specifically here, makes its erroneous omission material. *Id.*

Philips' opposition only proves the importance of the word "means" and therefore the materiality of its omission. Relying on conclusory assertions of its expert, Philips seeks to equate "gravitation-controlled sensor" (not subject to § 112, ¶ 6) with "gravitation-controlled sensor means" (subject to § 112, ¶ 6) with "said sensing means" (lacking antecedent basis)—all

– 5 –

without ever addressing, much less reconciling, the conflicting presumptions and use of different language. Opp. at 18; Greenspun Decl. ¶ 22-28. Philips and its expert eventually arrive at the conclusion that "gravitation-controlled sensor" means "gravitation-controlled sensor means," even without correction from the Patent Office. *Id.*

From Philips' own argument, thus, the Court could reasonably expect Philips' proposed claim construction of "gravitation-controlled sensor," disclosed on January 20 under the Court's scheduling order, to analyze this claim under § 112, ¶ 6. In the on-going *Markman* proceedings, however, Philips asserts that "gravitation-controlled sensor" is *not* a means-plus-function term. It also asserts that "said sensing means" "[r]efers to 'gravitation-controlled sensor'" and thus is not means-plus-function either. *See* Exhibit 11 at 7. Thus, on this motion Philips uses the Patent Office's error to argue for inclusion of the word "means" throughout the claim, but on claim construction it takes a diametrically opposite position, using the *same* error to argue for exclusion of the *same* word "means" throughout the same claim. *Id.*

### B.     The Omission of "Means" Is Not "Evident on the Face of the Patent"

To avoid *H-W Technology*, Philips must also show that the error is "evident on the face of the patent." *H-W Tech.*, 758 F.3d at 1335. It cannot do so. Philips does not contest that "gravitation-controlled sensor" reads coherently in context—nor can it, given the language of the claim. *See H-W Tech.*, 758 F.3d at 1333 ("Claim 9 reads coherently without the missing information."); *Jay v. Spectrum Brands Holdings, LLC,* No. 13-8137, D.I. 88, 2015 WL 2211921, at *3 (S.D.N.Y. May 12, 2015) (error not evident where the phrase "makes grammatical sense and does not have obvious missing information"). Seeking to avoid this conclusive fact, Philips argues that claim 3's reference to "said gravitation-controlled sensor means" must control the meaning of claim 1, an argument that *H-W Technology* forecloses. *See H-W Tech., LC v. Overstock.com, Inc.*, 973 F. Supp. 2d 689, 695 (N.D. Tex. 2013) ("The fact that the missing language appears in Claim 1 of the patent is not a legitimate basis for adding it to Claim 9.") (citing *Grp. One, Ltd.*, 407 F.3d at 1302 n.4); *Rembrandt Data Techs., LP v. AOL,*

*LLC*, 673 F. Supp. 2d 420, 427 (E.D. Va. 2009) (refusing to correct claim based on dependent claim), *aff'd*, *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331 (Fed. Cir. 2011).[2]

Further, the error in claim 1 cannot be "evident on the face of the patent" in light of the language of claim 11. Philips argues that the specification makes the error evident on the patent's face, because it refers only once to a "gravitation-controlled sensor" and also uses the word "means." Opp. at 20. But, Philips and its expert ignore the language in claim 11 which includes a "gravitation-controlled sensor" without using "means," but which was not subject to the Patent Office's error concerning claim 1. Mot. at 12-14. Thus the error in claim 1 cannot be said to be "evident on the face of the patent." One must refer to the prosecution history to identify the error, which *H-W Technology* specifically forbids. 758 F.3d at 1334.[3]

### C. Only the Patent Office Can Correct This Error

Seeking to avoid *H-W Technology*, Philips incorrectly applies *Novo Industries, L.P. v. Micro Molds Corp.*, 350 F.3d 1366 (Fed. Cir. 2003), which applies only where an error is "evident from the face of the patent," and assesses whether judicial correction is permissible. *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005) ("[T]he district court can correct an error only if the error is evident from the face of the patent.") (citing *Novo Indus.*, 350 F.3d at 1357). Even under *Novo Industries*, however, the Court cannot correct the error, because it is "subject to reasonable debate based on consideration of the claim language and the specification." 350 F.3d at 1357; see Mot. at 13-14. First, the lack of antecedent basis for "said sensing means" in claim 1—although otherwise fatal to the claim itself—cannot render evident the separate omission of "means" elsewhere in the claim because, without looking at the

---

[2] Tellingly, Philips' expert admits that "a person of ordinary skill in the art *might have noticed* the lack of exact antecedent basis in claim 1 for the term 'said gravitation- controlled sensor means' in claim 3." Greenspun Decl. ¶ 24 (emphasis added). If Philips can argue only that an error "might" be "noticed," the error cannot be "evident on the face of the patent."

[3] Philips' expert, Dr. Greenspun, similarly misses claim 11 in arguing that the specification requires claim 1 to be "read and understood as synonymous with 'gravitation-controlled sensor means.'" Greenspun Decl. ¶ 28. Unless Dr. Greenspun is advocating a general rule limiting claims to the specification—a doubtful proposition, given Philips' role as the plaintiff—the Court can dismiss his declaration for this omission alone.

prosecution history, this error could be corrected by replacing "said sensing means" with "a sensing means," without disturbing language elsewhere in the claim. Similarly but separately, the lack of antecedent basis for "said sensing means" in claim 1 could be corrected by changing "said sensing means" to "said sensor," and removing the term "means" from claim 3. Each of these corrections are subject to "reasonable debate," and precludes the Court's correction of claim 1. Thus, even if Philips is correct and the Court can ignore *H-W Technology* entirely, Federal Circuit law still allows correction only by the Patent Office.

### III. This Court Has Sufficient Information and Authority to Resolve This Issue Now

Philips seeks to delay resolution of these issues because the "motion is premature as it raises claim construction issues for both patents." Opp. at 1; *see id.* at 10. But this Court already has sufficient information and authority to perform this analysis, Philips offers no reason why the Court should wait—and, most importantly, claim construction will not resolve these issues.

Acer's motion raises only questions of law. Philips cites *AIA Eng'g Ltd. v. Magotteaux Int'l*, 657 F.3d 1264 (Fed. Cir. 2011) for the unremarkable proposition that "[w]hether a claim amendment during reissue examination enlarged the scope of the claim is a matter of claim construction." *Id.* at 1271 (citing *Medtronic, Inc. v. Guidant Corp.*, 465 F.3d 1360, 1374 (Fed. Cir. 2006)). But Philips neglects to mention the next two sentences, which state that "Claim construction is a question of law," and, likewise, "comparing the scope of the claims of an original patent and a reissue patent is a legal question." *AIA Eng'g* at 1271-72 (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc); *Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 741 (Fed. Cir. 1993)). For the same reason, it is irrelevant that on a motion under Rule 12(c), "factual allegations must be accepted as true and viewed in the light most favorable to the nonmoving party." Opp. at 8. The only facts at issue here are undisputed: the '203, RE'564 and '797 patents were prosecuted and issued as set forth in Exhibits 1-6.

Evidently seeking to trigger Fed. R. Civ. P. 12(d), Philips tenders with its 20-page brief an additional, nine-page declaration of Philip Greenspun, Ph.D. D.I. 109. Under Rule 12(d), the Court in its discretion can either "exclude" the "matters outside the pleadings," or convert Acer's

motion to "one for summary judgment," setting a briefing schedule giving all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The Court can and should choose the former option, dismissing Dr. Greenspun's declaration and ruling on the matters of law presented by Acer's motion. Tellingly, Dr. Greenspun offers no additional facts in his declaration, which solely comprises his opinions regarding the intrinsic evidence before the Court—precisely the kind of "conclusory, unsupported assertions by experts as to the definition of a claim term" that "are not useful to a court." *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1360-61 (Fed. Cir. 2013) (affirming District Court's refusal to consider conclusory expert declarations on summary judgment); *TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1372-75 (Fed. Cir. 2002) (same). Because the Court would not consider Dr. Greenspun's declaration on summary judgment, there is no reason to trigger Rule 12(d) and convert this motion, which would lead only to unnecessary delay. When it "reviews only evidence intrinsic to the patent (the patent claims and specifications, along with the patent's prosecution history), the judge's determination will amount solely to a determination of law." *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). This Court has the authority and information necessary to make this decision on Acer's current motion.

Philips argues that Acer has "failed to even propose constructions" for the disputed terms (Opp. at 10), but this is willful blindness. Acer's brief carefully explained its plain English understanding of "substantially centered around the touch screen" and "substantially centered around the touch location," and why the latter is broader than the former. Mot. at 9-10. Indeed, Philips understood Acer's view enough to rebut it by claiming (incorrectly) that "substantially centered around the touch screen" actually means "substantially centered around the touch location." Opp. at 12-14. Acer may not have proposed constructions with which Philips agrees, but it has given the Court all it needs to resolve this motion: Acer's plain English understanding of both "substantially centered around the touch screen" and "substantially centered around the touch location," and Philips' construction that "substantially centered around the touch screen" means "substantially centered around the touch location." Delay would only waste the parties'

and the Court's time. Finally, and fatally for Philips, in the parties' exchange of claim terms for construction, Philips *has not even tendered* "substantially centered around the touch location." Ex. 11. Thus Philips asks the Court to delay resolution of this motion for a day that will never arrive; the Court should decline this invitation.

For similar reasons, delaying the Court's consideration of the '797 patent will not help either. Claim construction cannot help because it interprets the patent *as issued*, without addressing the Patent Office's error, which is the purpose of this motion. In the upcoming *Markman* proceedings, both Philips and the other parties have submitted constructions of "gravitation-controlled sensor" under *Philips v. AWH*, instead of 35 U.S.C. § 112, paragraph 6— as they must given the claims as issued by the Patent Office. Holding this motion and waiting for the Court's *Markman* process will thus not only waste the Court's and the parties' time by briefing a claim that should never have issued, but also would gravely prejudice Acer and the other defendants by preventing them from making the arguments in this motion. The Court can instead resolve this motion now, by finding that the presence or absence of "means" is material, a pure matter of law well known to the Court. *See, e.g., LifePort Scis. LLC v. Cook Inc.*, C.A. No. 13-362, D.I. 108 at 2 n.3 (D. Del. Aug. 20, 2015); *Pegasus Dev. v. DirecTV, LLC*, C.A. No. 00-1020, D.I. 693 at 6 n.6 (D. Del. Apr. 1, 2013); *Sirona Dental Sys. Inc. v. Dental Imaging Techs. Corp.*, C.A. No. 10-288, D.I. 143 at 7 n.30 (D. Del. Jan. 26, 2012).

## **CONCLUSION**

For the reasons set forth above and in Acer's opening brief, Acer respectfully requests that the Court dismiss all pending claims under the RE'564 and '797 patents with prejudice.

|  |  |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith II* <br>_____<br>Rodger D. Smith II (#3778)<br>Eleanor G. Tennyson (#5812)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com<br>etennyson@mnat.com<br><br>*Attorneys for Defendants Acer Inc. and Acer America Corporation* |

OF COUNSEL:

Matthew Warren
Patrick Shields
Brian Wikner
Erika Mayo
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA  94114
(415) 895-2940

Kai Tseng
Hsiang ("James") H. Lin
Craig Kaufman
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
(650) 517-5200

February 6, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 6, 2017, upon the following in the manner indicated:

Michael P. Kelly, Esquire  *VIA ELECTRONIC MAIL*
Daniel M. Silver, Esquire
Benjamin A. Smyth, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
*Attorneys for Koninklijke Philips N.V. and U.S. Philips Corporation*

Michael P. Sandonato, Esquire  *VIA ELECTRONIC MAIL*
John D. Carlin, Esquire
Daniel A. Apgar, Esquire
Jonathan M. Sharret, Esquire
Robert S. Pickens, Esquire
Jaime F. Cardenas-Navia, Esquire
Christopher M. Gerson, Esquire
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
*Attorneys for Koninklijke Philips N.V. and U.S. Philips Corporation*

Steven J. Balick, Esquire  *VIA ELECTRONIC MAIL*
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
*Attorneys for Microsoft Corporation and Microsoft Mobile Inc.*

– 2 –

| | |
|---|---|
| Chad S. Campbell, Esquire<br>Jared W. Crop, Esquire<br>PERKINS COIE LLP<br>2901 North Central Avenue, Suite 2000<br>Phoenix, AZ  85012-2788<br>*Attorneys for Microsoft Corporation and*<br>*Microsoft Mobile Inc.* | *VIA ELECTRONIC MAIL* |
| Judith Jennison, Esquire<br>Christina McCullough, Esquire<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA  98101-3099<br>*Attorneys for Microsoft Corporation and*<br>*Microsoft Mobile Inc.* | *VIA ELECTRONIC MAIL* |
| Michelle Berger, Esquire<br>PERKINS COIE LLP<br>11988 El Camino Real Suite 350<br>San Diego, CA  92130-2594<br>*Attorneys for Microsoft Corporation and*<br>*Microsoft Mobile Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)