IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>   Defendants.<br><br>MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff,<br>   v.<br><br>KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION,<br><br>   Intervenor-Defendants.<br><br>KONINKLIJKE PHILIPS N.V. and U.S. PHILIPS CORPORATION,<br><br>   Intervenor-Defendants/Counterclaim Plaintiffs in Intervention,<br>   v.<br><br>MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff/Counterclaim Defendant in Intervention,<br><br>AND<br><br>MICROSOFT MOBILE OY,<br><br>   Counterclaim Defendant in Intervention. | C.A. No. 15-1125 (GMS) |

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>HTC CORP. and<br>HTC AMERICA, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1126 (GMS) |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>SOUTHERN TELECOM, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1128 (GMS) |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>YIFANG USA, INC. D/B/A E-FUN, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1131 (GMS) |
| MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff,<br><br>   v.<br><br>KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Intervenor-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,

    Intervenor-
    Defendants/Counterclaim Plaintiffs
    in Intervention,

  v.

MICROSOFT CORPORATION,
    Intervenor-Plaintiff/Counterclaim
    Defendant in Intervention,

AND

MICROSOFT MOBILE OY,

    Counterclaim Defendant in
    Intervention.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,

    Plaintiffs,

  v.

ACER INC. and
ACER AMERICA CORPORATION,

    Defendants.

MICROSOFT CORPORATION,

    Intervenor-Plaintiff,

  v.

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION,

    Intervenor-Defendants.

))))))))))))))))))))))))

C.A. No. 15-1170 (GMS)

KONINKLIJKE PHILIPS N.V. and )
U.S. PHILIPS CORPORATION, )
)
       Intervenor- )
       Defendants/Counterclaim Plaintiffs )
       in Intervention, )
)
   v. )
)
MICROSOFT CORPORATION, )
       Intervenor-Plaintiff/Counterclaim )
       Defendant in Intervention, )
)
AND )
)
MICROSOFT MOBILE OY, )
)
       Counterclaim Defendant in )
       Intervention. )

## OPENING BRIEF IN SUPPORT OF
## DEFENDANTS' JOINT MOTION TO TRANSFER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*rsmith@mnat.com*
*etennyson@mnat.com*

Matt Warren
Patrick Shields
Brian Wikner
Erika Mayo
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA 94114

*Attorneys for Defendants Acer, Inc., Acer*
*America Corporation, ASUSTeK Coumputer*
*Inc. and ASUS Computer International*

Michael J. Newton
Derek Neilson

SHAW KELLER LLP
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
1105 N. Market St., 12th Floor
Wilmington, DE  19801
(302) 298-0700
*jshaw@shawkeller.com*
*kkeller@shawkeller.com*
*arussell@shawkeller.com*

Lucian C. Chen
Wing K. Chiu
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
40 East 42nd Street, Suite 4600
New York, NY  10165
(212) 710-3007

*Attorneys for Defendant*
*Yifang USA, Inc. D/B/A E-Fun Inc.*

Michael  Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX  75201-2139

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424

Xavier M. Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303

Ross R. Barton
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, NC  28280-4000
(704) 444-1000

*Attorneys for Defendants ASUSTeK
Coumputer Inc. and ASUS Computer
International*

Kai Tseng
Hsiang ("James") H. Lin
Craig Kaufman
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
(650) 517-5200

*Attorneys for Defendants Acer Inc. and Acer
America Corporation*

SHAW KELLER LLP
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
1105 N. Market St., 12th Floor
Wilmington, DE  19801
(302) 298-0700
*jshaw@shawkeller.com*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Karen L. Pascale (#2903)
Robert M. Vrana (#5666)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
*kpascale@ycst.com*

*kkeller@shawkeller.com*
*arussell@shawkeller.com*

John Schnurer
Kevin Patariu
Ryan Hawkins
Louise Lu
Vinay Sathe
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA  92130
(858) 720-5700

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
(206) 359-8000

*Attorneys for Defendants  HTC Corp. And
HTC America, Inc.*

June 6, 2017

*rvrana@ycst.com*
P. Andrew Blatt
WOOD HERRON & EVANS LLP
2700 Carew Tower
Cincinnati, OH  45202
(513) 241-2324

*Attorneys for Defendant
Southern Telecom, Inc.*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................................1

SUMMARY OF ARGUMENT ...............................................................................................2

STATEMENT OF FACTS ......................................................................................................3

ARGUMENT ..........................................................................................................................4

      I.    VENUE IS NOT PROPER IN THIS DISTRICT .......................................................4

      II.   THIS COURT SHOULD TRANSFER THE CASES TO DISTRICTS IN WHICH THEY COULD HAVE BEEN BROUGHT ..............................................................6

      III.  TRANSFER TO A SINGLE VENUE—THE NORTHERN DISTRICT OF CALIFORNIA—IS ALSO APPROPRIATE UNDER § 1404(a) ..............................8

CONCLUSION .......................................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Beacon Nav. GmbH v. Crysler Grp. L.L.C.*, 2013 WL 1163943
 (D. Del. Mar. 20, 2013) ........................................................................................9

*Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994) ....................................8

*Harper v. Virginia Dep't of Taxation*, 509 U.S. 86 (1993) ............................................................4

*In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985) ........................................................................6

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) ..........................................................9

*Nobell Inc. v. Sharper Image Corp.*, No. C89-1133-DLJ, 1989 WL 418795
 (N.D. Cal. 1989) ..................................................................................................6

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28 (3d Cir. 1993) ..................................8

*TC Heartland LLC v. Kraft Food Brands Group LLC*, __ S. Ct. __,
 2017 WL 2216934 (May 22, 2017) ........................................................... 1, 4, 5

*TC Heartland LLC v. Kraft Foods Group Brands LLC,* 137 S. Ct. 614
 (Dec. 14, 2016) ....................................................................................................3

## OTHER AUTHORITIES

28 U.S.C. § 1391(c)(3) ..................................................................................................................8

28 U.S.C. § 1400(b) ...........................................................................................................passim

28 U.S.C. § 1404(a) .............................................................................................. 1, 2, 8, 9

28 U.S.C. § 1406(a) ...........................................................................................................passim

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corporation (collectively "Philips") filed these related patent infringement actions against eight defendants:  Acer Inc. and Acer America Corp. (C.A. No. 15-1170); Asustek Computer, Inc. and ASUS Computer International (C.A. No. 15-1125); HTC Corporation and HTC America, Inc. (C.A. No. 15-1126); Southern Telecom, Inc. (C.A. No. 15-1128); and YiFang USA, Inc. (C.A. No. 15-1131) (collectively "Defendants").[1]  As the Supreme Court recently clarified, the patent venue statute requires that the Defendants either be incorporated in Delaware or have a regular and established place of business here.  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Food Brands Group LLC*, __ S. Ct. __, 2017 WL 2216934 (May 22, 2017).  Neither requirement is met in this case, and venue is not proper.  Defendants accordingly present this joint motion at this stage of the proceedings under 28 U.S.C. § 1406(a), to transfer the actions to courts in which the actions could have been brought, and in the alternative under 28 U.S.C. § 1404(a), to transfer the actions to a single court—the Northern District of California—which will allow the disputes to be resolved in a single forum while satisfying the requirements of *TC Heartland*.  Intervenor Microsoft Corporation agrees that these cases should be transferred, concurs regarding the Northern District of California, and is concurrently filing its own motion to transfer.  A copy of this joint motion will be filed in each action listed above.

---

[1]     Philips also filed patent infringement actions against Visual Land, Inc. (C.A. No. 15-1127) and Double Power Technology, Inc., Shenzen Zowee Technology Co., Ltd., and Zowee Marketing Co., Ltd. (C.A. No. 15-1130).  The defendants in those proceedings have challenged venue in separate motions currently pending before the Court.  *See* C.A. No. 15-1127-GMS, D.I. 153; C.A. No. 15-1130-GMS, D.I. 90.

## SUMMARY OF ARGUMENT

1.      Venue is not proper in this District.  Section 1400(b) allows an action for patent infringement to be brought only (1) "in the judicial district in which the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."  As the Supreme Court recently held in *TC Heartland*, a domestic defendant only "resides" in its state of incorporation, and none of the Defendants here is incorporated in Delaware.  Moreover, none of the domestic defendants has a "regular and established place of business" within the state of Delaware.

2.      Because this Court lacks venue, Defendants request that this Court transfer the cases under 28 U.S.C. § 1406(a) to districts in which they could have been brought.  Here, C.A. Nos. 15-1170, 15-1125, and 15-1131 should be transferred to the Northern District of California because the domestic defendants in those cases are each incorporated in California.  And the Court should transfer C.A. No. 15-1126 and No. 15-1128 to the Western District of Washington and Eastern District of New York because HTC America, Inc. and Southern Telecom—the defendants there—are respectively based in those districts.  The claims pertaining to the foreign defendants and intervenor Microsoft should be transferred along with the remainder of each action.

3.      If this Court concludes that venue in this District is proper in any of the above actions, the Defendants respectfully request that the action be transferred under 28 U.S.C. § 1404(a), which allows transfers "[f]or the convenience of parties and witnesses, in the interest of justice," even where venue is proper for the first court.  Here, the interests of justice favor transfer because the plaintiffs are not headquartered in Delaware and no party has identified any witnesses in Delaware (in contrast to the proposed transferee districts, which host the Defendants' principal places of business and are home to their corporate witnesses).

## STATEMENT OF FACTS

Philips filed these cases in December 2015.  *See, e.g.*, C.A. No. 15-1170-GMS, D.I. 1 (filed December 18, 2015).  In March 2016, all Defendants moved to dismiss their cases for improper venue.  *See, e.g.*, C.A. No. 15-1170-GMS, D.I. 13.  Defendants' motions argued, *inter alia*, that none of the defendants "reside[d]" in this District for purposes of venue because none of the defendants is incorporated in Delaware.  *Id.* at 2.  This Court and the Federal Circuit had previously interpreted the patent venue statute, 28 U.S.C. § 1400(b), to mean that a corporate defendant "resides" in any district where it is subject to personal jurisdiction, as is generally true for venue purposes.  C.A. No. 15-1170-GMS, D.I. 13 at 2, 4-6.  Defendants argued that this interpretation was incorrect, citing Supreme Court precedent holding that the general definition of corporate residence does not apply to the patent venue statute.  *Id.* at 2, 5-6.  Defendants concluded that venue was not proper in this District, because none of them was incorporated here and none had a "regular and established place of business" in the District.  *Id.* at 2-4; *see* § 1400(b).

While Defendants' motions were pending, the Federal Circuit decided *In re TC Heartland, LLC*, rejecting the identical argument presented in Defendants' motions.  821 F.3d 1338 (Fed. Cir. 2016).  Following the Federal Circuit's decision, Defendants withdrew their motions in the interest of judicial economy.  *See, e.g.*, C.A. No. 15-1170-GMS, D.I. 34.  The Supreme Court subsequently granted certiorari in *TC Heartland LLC v. Kraft Foods Group Brands LLC,* 137 S. Ct. 614 (Dec. 14, 2016), agreeing to review the Federal Circuit's interpretation of § 1400(b).  Defendants then preserved their objections to venue in their Answers to Philips' Second Amended Complaints, alleging that none of the Defendants resided

3

in Delaware under the proper interpretation of § 1400(b).  *See, e.g.*, C.A. No. 15-1170-GMS,

D.I. 92, ¶ 14.[2]

On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*, reversing the

Federal Circuit's interpretation of § 1400(b) as meaning that venue for domestic corporations

was proper in any district having personal jurisdiction over the defendant.  2017 WL 2216934,

at *3.  Citing the very same precedent as Defendants' motions in this case, the Supreme Court

ruled that venue in patent actions is not affected by the general definition of corporate residence

for venue purposes, and that a corporate defendant in a patent infringement action "resides" only

in its state of incorporation.  *Id.* at *4-7.  In light of the Supreme Court's decision in *TC*

*Heartland*, Defendants now renew their venue objections by presenting this motion to transfer

their cases because venue is improper in this District.[3]

## ARGUMENT

## I.      VENUE IS NOT PROPER IN THIS DISTRICT

Section 1400(b) provides that an action for patent infringement may be brought (1) "in

the judicial district in which the defendant resides," or (2) "where the defendant has committed

acts of infringement and has a regular and established place of business."  In light of the

Supreme Court's recent decision in *TC Heartland*, Philips cannot demonstrate that its actions in

this District meet either criterion.

---

[2]     *See also* C.A. No. 15-1125-GMS, D.I. 87, ¶ 14; C.A. No. 15-1126-GMS, D.I. 79, ¶ 14;
C.A. No. 15-1128-GMS, D.I. 78, ¶ 13; C.A. No. 15-1131-GMS, D.I. 84, ¶ 13.

[3]     When the Supreme Court "applies a rule of federal law to the parties before it, that rule is
the controlling interpretation of federal law and must be given full retroactive effect in all cases
still open on direct review and as to all events, regardless of whether such events predate or
postdate [the] announcement of the rule."  *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97
(1993).

As explained above, *TC Heartland* clarified that for purposes of § 1400(b), a domestic corporation "resides" only in its state of incorporation.  2017 WL 2216934, at *3.  It is undisputed that none of the Defendants is incorporated in the State of Delaware.  As Philips' complaints acknowledge, to the extent the Defendants are incorporated in one of the United States, those domestic defendants are incorporated in the states of California (Acer America Corporation, ASUS Computer International, and YiFang USA, Inc.), Washington (HTC America, Inc.), and New York (Southern Telecom, Inc.).[4]  Delaware thus is not the judicial district in which any of the domestic defendants "resides" for purposes of § 1400(b).

Nor do any of the domestic defendants have a "regular and established place of business" within the District of Delaware.  *See* § 1400(b).  Philips has not alleged that any of the domestic defendants has such a place of business in Delaware.[5]  Nor could Philips plausibly contend that venue is proper on that basis.  Each of the domestic defendants has submitted a declaration attesting to their minimal, if any, operations within the District.[6]  As demonstrated by these declarations, none of Defendants' operations in this District comes close to being a "regular and established place of business."  *See, e.g.*, *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (requiring "a permanent and continuous presence" in the district); *Nobell Inc. v. Sharper Image Corp.*, No. C89-1133-DLJ, 1989 WL 418795, at *2 (N.D. Cal. Aug. 2, 1989) (venue not established when a corporate defendant merely ships products to a retailer in the district).

---

[4]    C.A. No. 15-1125-GMS, D.I. 76, ¶ 14; C.A. No. 15-1126-GMS, D.I. 73, ¶ 14; C.A. No. 15-1128-GMS, D.I. 73, ¶ 13; C.A. No. 15-1131-GMS, D.I. 75, ¶ 13; C.A. No. 15-1170-GMS, D.I. 82, ¶ 14.

[5]    *See supra* n.4.

[6]    These declarations are being filed concurrently with this memorandum:  Declaration of Sherrie Gietzen ("Gietzen Decl."); Declaration of Alan Levi ("Levi Decl."); Declaration of Michael Wagner ("Wagner Decl."); Declaration of Bin Wang ("Wang Decl."); Declaration of Godwin Yan ("Yan Decl.").

Because Philips cannot establish that either of the criteria in § 1400(b) is met for any of the domestic defendants, venue is improper in this District.

## II.       THIS COURT SHOULD TRANSFER THE CASES TO DISTRICTS IN WHICH THEY COULD HAVE BEEN BROUGHT

When a suit is filed in a district or division that lacks venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendants respectfully ask this Court to transfer these actions to districts in which they could have been brought initially under 28 U.S.C. § 1400(b).

With respect to C.A. Nos. 15-1170, 15-1125, and 15-1131, Defendants respectfully request that the Court transfer the actions to the Northern District of California. Venue would be proper in that court because each of the domestic defendants in those cases—Acer America Corp., ASUS Computer International, and YiFang USA, Inc.—is incorporated in California, and thus resides in the Northern District of California for purposes of § 1400(b). Accordingly, the Northern District of California is a "district . . . in which" the *Acer*, *ASUS*, and *YiFang* actions "could have been brought." § 1406(a). And the Northern District of California is particularly convenient for those actions because it is home to the principal places of business of Acer America Corp. and ASUS Computer International.[7]

With respect to C.A. No. 15-1126, Defendants respectfully request that the Court transfer the action to the Western District of Washington. Venue would be proper in that court because HTC America, Inc. is incorporated in the State of Washington, and thus resides in the Western District of Washington for purposes of § 1400(b). The Western District of Washington is therefore a "district . . . in which" the HTC action "could have been brought." § 1406(a). And

---

[7]       Wagner Decl. ¶ 4; Yan Decl. ¶ 4.

as with the Northern District of California, the Western District of Washington is a particularly convenient forum because it is home to HTC America's principal place of business.[8]

Finally, with respect to C.A. No. 15-1128, Defendants respectfully request that the action be transferred to the Eastern District of New York.  Venue would be proper in that court because Southern Telecom, Inc. is incorporated in New York and thus resides in the Eastern District of New York for purposes of § 1400(b).  The Eastern District of New York is therefore a "district . . . in which" the Southern Telecom action "could have been brought."  § 1406(a).  And as with the Northern District of California and the Western District of Washington, the Eastern District of New York is a particularly convenient forum because it is home to Southern Telecom's principal place of business.[9]

Defendants respectfully request that the Court transfer the entirety of each action as described above, including all claims pertaining to the related foreign corporate defendants (in C.A. Nos. 15-1125, 15-1126, and 15-1170).  Venue in each of the above-referenced transferee districts is proper for the foreign defendants (see 28 U.S.C. § 1391(c)(3)), and because venue is *im*proper in this District as to the domestic defendants in each case, the Court may—and should—transfer the cases in their entireties.  *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).  This Court should reject any argument by Philips that its claims against the foreign corporate defendants should be retained here notwithstanding the transfer of their domestic counterparts.  The Third Circuit has instructed courts not to sever and keep defendants if doing so "would require the same issues to be litigated in two places," explaining

---

[8]     Gietzen Decl. ¶ 4.  In the alternative, the HTC defendants would be willing to accept a transfer to the Northern District of California.  Venue also would be proper in that district as to the HTC defendants because they have a regular and established place of business there.

[9]     Levi Decl. ¶ 4.

that "[w]hen the conduct of a co-defendant as to whom venue is proper is central to the issues raised by plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion." *Id.* (citing *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 34 (3d Cir. 1993)). That is precisely the case here. Severing Microsoft or the foreign corporate defendants from their domestic counterparts would require duplicative litigation of the issues in both this Court and the transferee courts. In these circumstances, the Court should transfer the cases in their entireties.

### III. TRANSFER TO A SINGLE VENUE—THE NORTHERN DISTRICT OF CALIFORNIA—IS ALSO APPROPRIATE UNDER § 1404(a)

Finally, as an alternative to splitting the cases and severing Defendants into multiple actions in different districts, Defendants respectfully request that the Court transfer the actions under 28 U.S.C. § 1404(a) to a single district, the Northern District of California. Section 1404(a) allows transfers "[f]or the convenience of parties and witnesses, in the interest of justice," even where venue is proper in the first court. "The Third Circuit has instructed that courts considering a transfer motion should perform a case-by-case analysis [that] should take into account the various public and private interests [the '*Jumara* factors'] protected and defined in § 1404(a)." *Beacon Nav. GmbH v. Crysler Grp. L.L.C.*, 2013 WL 1163943, at *5 (D. Del. Mar. 20, 2013) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). The *Jumara* private and public factors favor transfer for the same reason that transfer is appropriate under § 1406: Neither plaintiff entity is headquartered in Delaware, and no party has identified any witnesses in the District. Indeed, Defendants' declarants establish that they have no witnesses in the District and that their witnesses and documents are overwhelmingly located in Taiwan, China, California, and Washington, from which travel to California would be more

8

convenient and less costly than to Delaware.[10]  Meanwhile, the administrative and docket congestion factors also weigh heavily in favor of transfer.  Particularly given that these cases must be transferred anyway in light of *TC Heartland,* moreover, the public and private interest factors all weigh in favor of transfer to the Northern District of California.  For the purpose of the case, and in the interest of judicial economy, Defendants would consent to venue in the Northern District of California.

## CONCLUSION

For the reasons stated herein, the Court should grant Defendants' Motion to Transfer and transfer the cases under 28 U.S.C. § 1406(a) as follows:

| | |
|---|---|
| C.A. No. 15-1125 | Northern District of California |
| C.A. No. 15-1131 | Northern District of California |
| C.A. No. 15-1170 | Northern District of California |
| C.A. No. 15-1126 | Western District of Washington |
| C.A. No. 15-1128 | Eastern District of New York |

In the alternative, the Court should transfer all of the cases to the Northern District of California under 28 U.S.C. § 1404(a).

---

[10]     Gietzen Decl. ¶¶ 9-10; Levi Decl. ¶¶ 6-7; Wagner Decl. ¶¶ 9-10; Wang Decl. ¶¶ 6-7; Yan Decl. ¶¶ 9-10.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

SHAW KELLER LLP

*/s/ Rodger D. Smith II*

*/s/ Karen E. Keller*

_____

Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*rsmith@mnat.com*
*etennyson@mnat.com*

Matt Warren
Patrick Shields
Brian Wikner
Erika Mayo
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA 94114

*Attorneys for Defendants Acer, Inc., Acer America Corporation, ASUSTeK Coumputer Inc. and ASUS Computer International*

Michael J. Newton
Derek Neilson
Michael  Lee
ALSTON & BIRD LLP
2828 N. Harwood Street, Suite 1800
Dallas, TX  75201-2139

Patrick J. Flinn
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA  30309-3424

Xavier M. Brandwajn
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303

_____

John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
1105 N. Market St., 12th Floor
Wilmington, DE  19801
(302) 298-0700
*jshaw@shawkeller.com*
*kkeller@shawkeller.com*
*arussell@shawkeller.com*

Lucian C. Chen
Wing K. Chiu
LUCIAN C. CHEN, ESQ. PLLC
One Grand Central Place
40 East 42nd Street, Suite 4600
New York, NY  10165
(212) 710-3007

*Attorneys for Defendant Yifang USA, Inc. D/B/A E-Fun Inc.*

Ross R. Barton
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, NC  28280-4000
(704) 444-1000

*Attorneys for Defendants ASUSTeK*
*Coumputer Inc. and ASUS Computer*
*International*

Kai Tseng
Hsiang ("James") H. Lin
Craig Kaufman
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
(650) 517-5200

*Attorneys for Defendants Acer Inc. and Acer*
*America Corporation*

| | |
|---|---|
| SHAW KELLER LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ Karen E. Keller* | */s/ Karen L. Pascale* |
| John W. Shaw (#3362) | Karen L. Pascale (#2903) |
| Karen E. Keller (#4489) | Robert M. Vrana (#5666) |
| Andrew E. Russell (#5382) | Rodney Square |
| 1105 N. Market St., 12th Floor | 1000 North King Street |
| Wilmington, DE  19801 | Wilmington, DE  19801 |
| (302) 298-0700 | (302) 571-6600 |
| *jshaw@shawkeller.com* | *kpascale@ycst.com* |
| *kkeller@shawkeller.com* | *rvrana@ycst.com* |
| *arussell@shawkeller.com* | |
| | P. Andrew Blatt |
| John Schnurer | WOOD HERRON & EVANS LLP |
| Kevin Patariu | 2700 Carew Tower |
| Ryan Hawkins | Cincinnati, OH  45202 |
| Louise Lu | (513) 241-2324 |
| Vinay Sathe | |
| PERKINS COIE LLP | *Attorneys for Defendant* |
| 11988 El Camino Real, Suite 350 | *Southern Telecom, Inc.* |
| San Diego, CA  92130 | |
| (858) 720-5700 | |

Ryan McBrayer
Jonathan Putman
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
(206) 359-8000

*Attorneys for Defendants HTC Corp. And*
*HTC America, Inc.*

June 6, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 6, 2017, upon the following in the manner indicated:

Michael P. Kelly, Esquire                                          *VIA ELECTRONIC MAIL*
Daniel M. Silver, Esquire
Benjamin A. Smyth, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Koninklijke Philips N.V. and U.S.*
*Philips Corporation*

Michael P. Sandonato, Esquire                                      *VIA ELECTRONIC MAIL*
John D. Carlin, Esquire
Daniel A. Apgar, Esquire
Jonathan M. Sharret, Esquire
Robert S. Pickens, Esquire
Jaime F. Cardenas-Navia, Esquire
Christopher M. Gerson, Esquire
Joyce L. Nadipuram, Esquire
Giancarlo Scaccia, Esquire
Natalie Lieber, Esquire
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY  10104-3800
*Attorneys for Koninklijke Philips N.V. and U.S.*
*Philips Corporation*

Steven J. Balick, Esquire                                    *VIA ELECTRONIC MAIL*
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE  19801
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Chad S. Campbell, Esquire                                    *VIA ELECTRONIC MAIL*
Jared W. Crop, Esquire
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Judith Jennison, Esquire                                     *VIA ELECTRONIC MAIL*
Christina McCullough, Esquire
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Michelle Berger, Esquire                                     *VIA ELECTRONIC MAIL*
PERKINS COIE LLP
11988 El Camino Real Suite 350
San Diego, CA  92130-2594
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*


                              */s/ Rodger D. Smith II*
                              _____
                              Rodger D. Smith II (#3778)