IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION, | ) | |
| | ) | |
| | ) | |
| Plaintiffs/Intervenor-<br>Defendants/Counterclaim<br>Plaintiffs in Intervention, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1170 (GMS) |
| | ) | |
| ACER INC. and<br>ACER AMERICA CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Intervenor-Plaintiff/<br>Counterclaim Defendant in<br>Intervention, | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICROSOFT MOBILE INC., | ) | |
| | ) | |
| Counterclaim Defendant in<br>Intervention. | ) | |

## NOTICE OF THIRD PARTY SUBPOENA TO
## TEXAS INSTRUMENTS, INC

PLEASE TAKE NOTICE that, pursuant to Rules 45 and 30 of the Federal Rules

of Civil Procedure, Defendants Acer Inc. and Acer America Corporation ("Acer") have served a

subpoena on Texas Instruments, Inc. ("TI") requesting relevant documents and deposition

testimony to be taken before a notary public or other such officer authorized by law to administer

oaths.  A true and correct copy of the subpoena is attached hereto as Exhibit A.

The deposition will commence at 9:00 a.m., Eastern Standard Time, on January

18, 2018, at the law offices of Alston & Bird LLP, 2828 North Harwood Street, 18th Floor,

Dallas, TX 75201-2139 and will continue from day to day until completed.  The deposition will

be recorded by stenographic and videographic means.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Eleanor G. Tennyson*

_____

Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants Acer Inc. and Acer America Corporation*

OF COUNSEL:

Matthew Warren
Patrick M. Shields
Brian Wikner
Erika Warren
Amy Bailey
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, CA  94114
(415) 895-2940

Bruce R. Genderson
Kevin Hardy
Aaron P. Maurer
David M. Krinsky
Kyle E. Thomason
Joelle P. Justus
Christopher A. Suarez
Christopher S. Geyer
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

Kai Tseng
Craig Kaufman
Hsiang ("James") H. Lin
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
(650) 517-5200

December 20, 2017

# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | |
|---|---|
| Koninklijke Philips N.V. and U.S. Philips Corporation<br>*Plaintiff*<br>v.<br>Acer, Inc. and Acer America Corp.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.    1:15-cv-01170

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Texas Instruments Incorporated, 12500 TI Boulevard, Dallas, TX 75243

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule B

| Place: | Alston & Bird LLP<br>2828 North Harwood Street, 18th Floor<br>Dallas, TX 75201-2139 | Date and Time: | 01/18/2017  9:00a.m. |
|---|---|---|---|

The deposition will be recorded by this method:   stenographically, and by sound and videographic recording

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/18/17

*CLERK OF COURT*

OR

_____              _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendants Acer, Inc. and Acer America Corporation _____, who issues or requests this subpoena, are:

Christopher Suarez, Williams & Connolly LLP, 725 12th St. NW, Washington DC 20005

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.       The terms "Texas Instruments," "You," and "Your" shall mean Texas Instruments

Inc., as well as all of its predecessors or successors (merged, acquired, or otherwise), parents,

divisions, subsidiaries, and affiliates thereof, and all officers, agents, employees, counsel and

other persons acting on behalf of any of the foregoing.

2.       The term "VoiceAge" refers to VoiceAge Corporation, as well as all of its

predecessors or successors (merged, acquired, or otherwise), parents, divisions, subsidiaries, and

affiliates thereof, including Sipro Lab Telecom Inc., and all officers, agents, employees, counsel

and other persons acting on behalf of any of the foregoing.

3.       "ACELP.wide" refers to a wideband speech codec created by VoiceAge that

operates within the 50-7000 Hz band with bit rates of 9.6, 12.8, 16 and 18.4 kilobits per second.

4.       "ACELP.live" refers to a wideband speech codec created by VoiceAge that

operates within the 50-7000 Hz band with bit rates of 16, 24, and 32 kilobits per second.

5.       "DSP" refers to a digital signal processor designed, marketed, or sold by Texas

Instruments.

6.       "Texas Instruments C54x DSP" refers to Texas Instruments' Digital Signal

Processors that were designed, marketed, or sold by Texas Instruments within the TMS320C54X

family including, but not limited to each of the Texas Instruments Digital Signal Processors that

are listed in Exhibit 1 (TMS320C54X Family Listing).

7.       The term "Document" shall mean any document or writing, including any

computer disk, diskette, tape, card or any other form of computer data storage, electronic data, or

electronically stored information, existing or deleted files, metadata, data collected and stored

through use of the Internet, including "bookmarks" and browser history identifying Web sites

visited, voice-mail messages and identifying information (including information stored on cell

phones and hand-held communication devices), digital photographs, charts and graphs stored

electronically, writings, drawings, graphs, charts, photographs, sound recordings, images, and all

other data or data compilations stored in any medium from which information can be obtained,

however produced or reproduced, of any kind or description, whether sent or received, including

original copies, drafts and both sides thereof, regardless of their author or origin, or however

denominated by the recipient of this Request.  In all instances in which a document, or a series of

documents, has been prepared on a periodic basis (such as monthly, quarterly, semiannually,

annually, etc.) the document reflecting each such period is requested.  "Document" shall also

include any physical things other than documents.

## **INSTRUCTIONS**

The following instructions shall apply to each of the Document Requests herein:

1.      In answering the following Document Requests, furnish all available information,

including information in the possession, custody, or control of You or any of Your attorneys,

directors, officers, agents, employees, representatives, associates, investigators or division

affiliates, partnerships, parents or subsidiaries, and persons under Your control.

2.      If You cannot fully respond to the following Document Requests after exercising

due diligence to secure the information requested thereby, so state, and specify the portion of

each Document Request that cannot be responded to fully and completely.  In the latter event,

state what efforts were made to obtain the requested information and the facts relied upon that

support the contention that the Document Request cannot be answered fully and completely; and

state what knowledge, information or belief You have concerning the unanswered portion of any

such Document Requests.

3.      All Documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34.

4.      Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

5.      Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

6.      You shall identify the custodian from whose files each document is produced.

7.      File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

8.      Documents attached to each other shall not be separated.

9.      If You object to fully identifying a Document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information unless divulging the information would disclose the privileged information:

   (a)      the privilege rule being invoked;

   (b)      the date of the document, electronically stored information or oral communication;

   (c)      if a document, the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet);

   (d)      the custodian, location, and such other information sufficient to identify

the material for a subpoena duces tecum or a production request, including

where appropriate the author, the addressee, and, if not apparent, the

relationship between the author and addressee; if a communication, the

names of the persons present while it was made, and, if not apparent, the

relationship of the persons present to the declarant; and

(e)     the general subject matter of the document, electronically stored

information or oral communication.

10.     If Your response to a particular Document Request is a statement that You lack

the ability to comply with that Document Request, You must specify whether the inability to

comply is because the particular item or category of information never existed, has been

destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your

possession, custody, or control, in which case the name and address of any person or entity

known or believed by You to have possession, custody, or control of that information or category

of information must be identified.

11.     You are under a continuous obligation to supplement your answers to these

requests under the circumstances specified in Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1.     Documents relating to Texas Instruments' licensing or purchase of ACELP.wide

audio codec technology from VoiceAge, including purchase orders, licensing agreements, and

negotiation documents.

2.     Documents describing the technical specifications or functionality of the

ACELP.wide audio codec or associated technology, including product specification sheets,

brochures, advertisements, user manuals (guides), and white papers.

3.     Documents sufficient to show the sale, offer for sale, and first commercial release of the ACELP.wide codec or software or hardware embodying or implementing that codec before November 16, 1999.  *See* Exhibit 2 (VoiceAge January 4, 1999 press release indicating that ACELP.wide was being implemented on Texas Instruments C54x DSPs as of that date, and that those processors would be available for sale in October 1999).

4.     Documents sufficient to show the public demonstration, public display, or public use of the ACELP.wide codec or software or hardware embodying or implementing that codec in the United States prior to November 16, 1999, including without limitation brochures, conference presentations, and the identification of any trade shows at which the ACELP.wide codec was demonstrated.

5.     Documents sufficient to show that the ACELP.wide codec (or software or hardware embodying or implementing that codec) was incorporated into Texas Instruments C54x DSPs before November 16, 1999, including product specification sheets, brochures, advertisements, user manuals (guides), and white papers.

6.     Documents sufficient to identify all persons knowledgeable regarding the purchase and licensing of the ACELP.wide audio codec (or software or hardware embodying or implementing that codec) from VoiceAge so that it may be incorporated into any DSPs, including but not limited to Texas Instruments C54X DSPs.

7.     Documents sufficient to identify all persons knowledgeable regarding the conception, research, development, marketing, and sale of Texas Instruments C54X DSPs.

8.     Documents sufficient to identify all DSPs that incorporated the ACELP.wide codec, or software or hardware embodying or implementing that codec, including Texas Instruments C54x DSPs and any other DSPs that incorporated that codec.

9.      Documents relating to Texas Instruments' licensing or purchase of ACELP.live audio codec technology from VoiceAge, including purchase orders, licensing agreements, and negotiation documents.

10.     Documents describing the technical specifications or functionality of VoiceAge's ACELP.live audio codec technology, including product specification sheets, brochures, advertisements, user manuals (guides), and white papers.

11.     Documents sufficient to show the sale, offer for sale, and first commercial release of the ACELP.live codec or software or hardware embodying or implementing that codec before November 16, 1999.

12.     Documents sufficient to show the public demonstration, public display, or public use of the ACELP.live codec or software or hardware embodying or implementing that codec in the United States prior to November 16, 1999, including without limitation brochures, conference presentations, and the identification of any trade shows at which the ACELP.live codec was demonstrated.

13.     Documents sufficient to show that the ACELP.live codec (or software or hardware embodying or implementing that codec) was incorporated into Texas Instruments C54x DSPs before November 16, 1999, including product specification sheets, brochures, advertisements, user manuals (guides), and white papers.

14.     Documents sufficient to identify all persons knowledgeable regarding the purchase and licensing of the ACELP.live audio codec (or software

or hardware embodying or implementing that codec) from VoiceAge so that it may be incorporated into any DSPs, including but not limited to Texas Instruments C54X DSPs.

15.     Documents sufficient to identify all DSPs that incorporated the ACELP.live codec, or software or hardware embodying or implementing that codec, including Texas Instruments C54x DSPs and any other DSPs that incorporated that codec.

## SCHEDULE B

## DEFINITIONS

The definitions set forth in Schedule A are incorporated herein by reference.

## INSTRUCTIONS

You are required to provide one or more individuals who are knowledgeable and competent to provide testimony about the following topics:

## DEPOSITION TOPICS

1.      Information relating to Your licensing or purchase of ACELP.wide audio codec technology (or software or hardware embodying or implementing that codec technology) from VoiceAge, including purchase orders, licensing agreements, and negotiation documents.

2.      Information relating to Your knowledge of the technical details and specifications of VoiceAge's ACELP.wide audio codec technology, including software or hardware embodying or implementing that codec technology.

3.      Information relating to Your purchase or licensing of the ACELP.wide codec (or software or hardware embodying or implementing that codec) from VoiceAge before November 16, 1999.  *See* Exhibit 2 (VoiceAge January 4, 1999 press release indicating that ACELP.wide was being implemented on Texas Instruments C54x DSPs as of that date, and that those processors would be available for sale in October 1999).

4.      Information relating to Your public demonstration, public display, or public use of the ACELP.wide codec (or software or hardware embodying or implementing that codec) in the United States prior to November 16, 1999, including without limitation brochures, conference presentations, and the identification of any trade shows at which the ACELP.wide

codec was demonstrated in connection with any Texas Instruments Digital Signal Processor.

5.      Information regarding Texas Instruments' decision to incorporate the ACELP.wide codec (or software or hardware embodying or implementing that codec) into Texas Instruments C54x DSPs before November 16, 1999.

6.      Any efforts made by you to purchase or obtain a license of the ACELP.wide audio codec (or software or hardware embodying or implementing that codec) from VoiceAge so that it may be incorporated into any DSPs, including but not limited to Texas Instruments' C54X DSPs.

7.      Information regarding the DSPs that incorporated the ACELP.wide codec, including Texas Instruments C54x DSPs and any other DSPs that incorporated that codec.

8.      Information regarding Texas Instruments' licensing or purchase of ACELP.live audio codec technology (or software or hardware embodying or implementing that codec technology) from VoiceAge.

9.      Information regarding the technical specifications and functionality of VoiceAge's ACELP.live audio codec technology, or software or hardware embodying or implementing that codec technology, as that technology is incorporated into Texas Instruments' C54x DSPs or other digital signal processors.

10.     Information regarding the technical specifications and functionality of VoiceAge's ACELP.live audio codec technology, or software or hardware embodying or implementing that codec technology, as that technology is incorporated into Texas Instruments' C54x DSPs or other digital signal processors.

11.     Information regarding the sale, offer for sale, and commercial release of Texas Instruments' C54x DSPs that incorporated VoiceAge's ACELP.wide audio codec (or software or

hardware embodying or implementing that codec) before November 16, 1999.

12.     Information regarding the sale, offer for sale, and commercial release of Texas Instruments' C54x DSPs that incorporated VoiceAge's ACELP.live audio codec (or software or hardware embodying or implementing that codec) before November 16, 1999.

13.     Information relating to Your public demonstration, public display, or public use of the ACELP.live codec in the United States prior to November 16, 1999, including without limitation brochures, conference presentations, and the identification of any trade shows at which the ACELP.live codec (or software or hardware embodying or implementing that codec) was demonstrated in connection with any Texas Instruments Digital Signal Processor.

# EXHIBIT 1



>> Semiconductor Home > Products

## TMS320C54X Family - Device Listing

▶ Go to Parametric Table

| Device Name | Functionality | Device Description | Military Status | Status* |
|---|---|---|---|---|
| TMS320VC549 | 16-BIT FIXED POINT, 2.5/3.3V, 80-100 MIPS | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320VC5441 | 16-BIT, FIXED-POINT, 1.5/3.3V | DIGITAL SIGNAL PROCESSOR | No | PREVIEW |
| TMS320VC5421 | 16-BIT, FIXED-POINT, 1.8/3.3V, 200 MIPS | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320VC5420 | 16-BIT, FIXED-POINT, 1.8/3.3V, 200 MIPS | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320VC5416 | 16-BIT, FIXED-POINT, 1.5/3.3V | DIGITAL SIGNAL PROCESSOR | No | PREVIEW |
| TMS320VC5410 | 16-BIT, FIXED-POINT, 2.5/3.3V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320VC5409 | 16-BIT, FIXED-POINT, 1.8/3.3V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320VC5402 | 16-BIT, FIXED-POINT, 1.8/3.3V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320UVC5409 | 16-BIT, FIXED-POINT, 1.2/1.2-2.7V | DIGITAL SIGNAL PROCESSOR | No | PREVIEW |
| TMS320UVC5402 | 16-BIT, FIXED-POINT, 1.2/1.2-2.7V | DIGITAL SIGNAL PROCESSOR | No | PREVIEW |
| TMS320UC5409 | 16-BIT, FIXED-POINT, 1.8/1.8-3.3V | DIGITAL SIGNAL PROCESSOR | No | PREVIEW |
| TMS320UC5402 | 16-BIT, FIXED-POINT, 1.8/1.8-3.3V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320LC549 | 16-BIT FIXED POINT, 3.3V, 66-80 MIPS | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320LC546A | 16-BIT FIXED POINT, 3.3V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320LC545A | 16-BIT FIXED POINT, 3.3V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320LC543 | C54X, 16-BIT FIXED POINT, 3.3V, 40-66MIPS | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320LC542 | C54X, 16-BIT FIXED POINT, 3.3V, 40-66MIPS | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320LC541B | 16-BIT, FIXED-POINT, 3.3V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320LC541 | C54X, 16-BIT FIXED POINT, 3.3V, 66MIPS | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320C542 | 16 BIT FIXED POINT,5V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |
| TMS320C541 | 16 BIT FIXED POINT,5V | DIGITAL SIGNAL PROCESSOR | No | ACTIVE |

Table Data Updated on: 3/3/2000

**\* Status**
The current status of the device:

- PREVIEW = Announced device not yet in production
- ACTIVE = Active device available for purchase from a TI Authorised Distributor.

More information on obsolete devices.



*(c) Copyright 2000 Texas Instruments Incorporated. All rights reserved.*

*Trademarks, Important Notice!, Privacy Policy*

# EXHIBIT 2

## ACELP®.wide: a new wideband speech coding technology

Montreal, Quebec, Canada, January 4, 1999. – VoiceAge Corporation announces the immediate availability of a new wideband speech coding technology. The new technology, marketed under the named ACELP®.wide, is a wideband speech codec that operates within the 50-7000 Hz band with bit rates of 9.6, 12.8, 16 and 18.4 kilobits per second. Thus resulting in a compression ratio varying from 7 to 14 times the bandwidth that would normally be required.

The normal telephony frequency response is between 350 Hz and 3450 Hz. This limitation has been inherited from the analog telephone infrastructure that dates back to about the second quarter of the century. With the recent advances in the digitalization of the telephone networks, the Internet and the propagation of video telephony and conferencing applications, it is now possible to break the barrier imposed by the legacy network.

The current interest from telcos, RBOC and present and future cable telephony providers to extend the offer of services around the bare telephone service (POTS) is expected to drive the implementation of differentiation technologies like wideband telephony.

Extensive efforts were conducted by the team that originally designed the famous G.729 and G.729 Annex A standards to position ACELP®.wide as the leading edge wideband technology. Internal MOS tests have demonstrated ACELP®.wide running at 12.8 kbps, the flagship bit rate, to deliver better results than the ITU G.722 reference codec running at 48 kbps, under various ideal and non-ideal conditions.

ACELP®.wide is currently being implemented on the Texas Instrument C54x DSP and will be available for October 1999.

### VoiceAge Corporation

Based in Montreal, Quebec, Canada, VoiceAge is a spin-off company of Sipro Lab Telecom Inc., better known for its voice compression technology brokerage capabilities, and Université de Sherbrooke. Tapping into this reservoir of expertise and experience, VoiceAge is well positioned to develop alternative solutions for specific customers or industries' needs through proprietary solutions

The second generation of the ACELP® Technology (Algebraic-Code-Excited Linear Prediction) owned by VoiceAge and developed by Université de Sherbrooke and Sipro Lab Telecom Inc. has become a de facto standard on the Internet in the realm of voice applications.

In addition, over the last decade the first generation of the ACELP® Technology was positioned in several International Telecommunication standards, notably: GSM EFR (ETSI), PCS 1900, IS 136 (TIA, North American TDMA), IS 95 (TIA, North American CDMA), TETRA, G.729 and its Annexes, as well as G.723.1.

Encoded samples are available on our web site at www.voiceage.com. Further samples can be recorded on request.

### Contact:

Sales department
VoiceAge Corporation
Tel: (514) 737-4940
Fax: (514) 908.2037

Copyright © 2000 VoiceAge Corporation. All rights reserved.

ACELP and VoiceAge are registered trademark or trademark of VoiceAge Corporation
in Canada and/or other countries.

For all product-related questions please go to our *On-line Form*
Send all site-related comments to *webmaster@voiceage.com*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 20, 2017, upon the following in the manner indicated:

Michael P. Kelly, Esquire                                    *VIA ELECTRONIC MAIL*
Daniel M. Silver, Esquire
Benjamin A. Smyth, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Koninklijke Philips N.V. and U.S.*
*Philips Corporation*

Michael P. Sandonato, Esquire                                *VIA ELECTRONIC MAIL*
John D. Carlin, Esquire
Daniel A. Apgar, Esquire
Jonathan M. Sharret, Esquire
Robert S. Pickens, Esquire
Jaime F. Cardenas-Navia, Esquire
Christopher M. Gerson, Esquire
Joyce L. Nadipuram, Esquire
Natalie Lieber, Esquire
Sean M. McCarthy, Esquire
Caitlyn N. Bingaman, Esquire
Nicole Yvonne Stoddard, Esquire
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY  10104-3800
*Attorneys for Koninklijke Philips N.V. and U.S.*
*Philips Corporation*

John W. Shaw, Esquire                          *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
David M. Fry, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Chad S. Campbell, Esquire                       *VIA ELECTRONIC MAIL*
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Judith Jennison, Esquire                        *VIA ELECTRONIC MAIL*
Christina McCullough, Esquire
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Michelle Berger, Esquire                        *VIA ELECTRONIC MAIL*
Patrick J. McKeever, Esquire
PERKINS COIE LLP
11988 El Camino Real Suite 350
San Diego, CA  92130-2594
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Tiffany P. Cunningham, Esquire                  *VIA ELECTRONIC MAIL*
PERKINS COIE LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*

Sarah E. Stahnke, Esquire                                    *VIA ELECTRONIC MAIL*
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
*Attorneys for Microsoft Corporation and*
*Microsoft Mobile Inc.*


                                        /s/ Eleanor G. Tennyson
                                        _____
                                        Eleanor G. Tennyson (#5812)

3