IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>    Plaintiffs,<br>v.<br><br>ASUSTeK COMPUTER INC. and<br>ASUS COMPUTER INTERNATIONAL,<br><br>    Defendants. | C.A. No. 15-1125-GMS |
| MICROSOFT CORPORATION,<br><br>    Intervenor-Plaintiff,<br>v.<br><br>KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>    Intervenor-Defendants. | |
| KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>    Intervenor-<br>    Defendants/Counterclaim<br>    Plaintiffs in Intervention<br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Intervenor-<br>    Plaintiff/Counterclaim<br>    Defendant in<br>    Intervention<br><br>AND<br><br>MICROSOFT Mobile Inc.<br>    Counterclaim Defendant<br>    Intervention | |

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br><br> v.<br><br>HTC CORP. and<br>HTC AMERICA, INC.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1126-GMS |
| KONINKLIJKE PHILIPS N.V. and<br>U.S. PHILIPS CORPORATION,<br><br>   Plaintiffs,<br> v.<br><br>VISUAL LAND INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 15-1127-GMS |
| MICROSOFT CORPORATION,<br><br>   Intervenor-Plaintiff,<br> v.<br><br>KONINKLIJKE PHILIPS N.V.,<br>U.S. PHILIPS CORPORATION,<br><br>   Intervenor-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., )<br>U.S. PHILIPS CORPORATION, )<br>)<br>      Intervenor- )<br>      Defendants/Counterclaim )<br>      Plaintiffs in Intervention )<br>  v. )<br>)<br>MICROSOFT CORPORATION, )<br>)<br>      Intervenor- )<br>      Plaintiff/Counterclaim )<br>      Defendant in )<br>      Intervention )<br>)<br>AND )<br>)<br>MICROSOFT Mobile Inc. )<br>)<br>      Counterclaim Defendant )<br>      Intervention )<br>)<br>KONINKLIJKE PHILIPS N.V. and )<br>U.S. PHILIPS CORPORATION, )<br>)<br>      Plaintiffs, )<br>  v. )<br>)<br>DOUBLE POWER TECHNOLOGY INC., )<br>ZOWEE MARKETING CO., LTD., )<br>SHENZEN ZOWEE TECHNOLOGY CO., )<br>LTD., )<br>)<br>      Defendants. )<br>) | C.A. No. 15-1130-GMS |

| | |
|---|---|
| MICROSOFT CORPORATION,  )<br>  )<br>  Intervenor-Plaintiff, )<br>  )<br>v.  )<br>  )<br>KONINKLIJKE PHILIPS N.V.,  )<br>U.S. PHILIPS CORPORATION,  )<br>  )<br>  Intervenor-Defendants. )<br>  ) | |
| KONINKLIJKE PHILIPS N.V. and )<br>U.S. PHILIPS CORPORATION,  )<br>  )<br>  Plaintiffs, )<br>  )<br>v.  )<br>  )<br>YIFANG USA, INC., d/b/a  )<br>E-FUN, INC.,  )<br>  )<br>  Defendant. )<br>  ) | C.A. No. 15-1131-GMS |
| KONINKLIJKE PHILIPS N.V. and )<br>U.S. PHILIPS CORPORATION,  )<br>  )<br>  Plaintiffs, )<br>  )<br>v.  )<br>  )<br>ACER INC. and  )<br>ACER AMERICA CORPORATION,  )<br>  )<br>  Defendants. )<br>  ) | C.A. No. 15-1170-GMS |

## **ORDER**

Presently before the court in the above captioned patent infringement actions is a renewed motion to transfer to the Northern District of California.[1] The Federal Circuit recently determined that "[t]he Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1099 (Fed. Cir. 2017). Therefore, "[t]he venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or transfer for lack of venue." *Id.* at 1096.

The *TC Heartland* Court determined that venue in a patent case for domestic defendants is governed by 28 U.S.C. § 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1516 (2017). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. 1400(b); *see also In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). A defendant "resides" only in its state of incorporation. *TC Heartland*, 137 S.Ct. at 1517.

After considering the parties' positions as set forth in their papers, as well as the applicable law, the court finds that transfer is warranted. First, Defendants' objection to venue was not forfeited as it was raised ten days after the defense was made available by the *TC Heartland*

---

[1] Defendants Acer Inc. and Acer America Corp. (C.A. No. 15-1170); Asustek Computer, Inc. and ASUS Computer International (C.A. No. 15-1125); HTC Corporation and HTC America, Inc. (C.A. No. 15-1126); and YiFang USA, Inc. (C.A. No. 15-1131) filed the Renewed Motion to Transfer under 28 U.S.C. § 1404(a) to the Northern District of California. (D.I. 260.) Microsoft Corporation intervened against Philips as Intervenor-Plaintiff in C.A. No. 15-1125, C.A. No. 15-1127, and C.A. No. 15-1130, and has filed a separate Renewed Motion to Transfer. (D.I. 261.) Defendants Double Power Technology Inc. et al. (C.A. No. 15-1130) have filed a Joinder of and Motion in Support of Defendants' Renewed Joint Motion to Transfer. (D.I. 241.) Defendants Visual Land Inc. (C.A. No. 15-1127) have filed a Partial Joinder and Motion in Support of Defendants' Renewed Joint Motion to Transfer. (D.I. 251.)

1

decision and Defendants have actively pursued the defense since that time. Second, none of the Defendants resides in Delaware under the meaning established by *TC Heartland*. (D.I. 260 at 9.) Third, and finally, Defendants have demonstrated through their sworn declarations that they do not have a regular and established place of business in Delaware because they have neither a physical location nor a facility in Delaware. (*Id.* at 9.) Thus, venue is improper in this District.

Instead, domestic Defendants in cases 15-1170, 15-1125, 15-1126, and 15-1311 are either incorporated in California or maintain a regular and established place of business in the state. (*Id.*) Moreover, the foreign Defendants are subject to venue under 28 U.S.C. § 1391 and may be sued in any judicial district. The court also finds that Defendants Microsoft and HTC have demonstrated that convenience and the interests of justice weigh strongly in favor of transfer to the Northern District of California. Accordingly, the court grants the renewed motions to transfer.

IT IS HEREBY ORDERED THAT:

1. Defendants' Renewed Joint Motion to Transfer Venue to the Northern District of California (D.I. 259) is **GRANTED**;

2. Intervenor Microsoft's Renewed Motion to Transfer Venue to the Northern District of California (D.I. 261) is **GRANTED**;

3. Defendant Double Power Technology, Inc. et al.'s Joinder of and Renewed Motion to Transfer (D.I. 236); (D.I. 237) is **GRANTED**;

4. Defendant Visual Land, Inc.'s Partial Joinder and Motion in Support of Renewed Joint Motion to Transfer (D.I. 250); (D.I. 251) is **GRANTED** in part[2]; and

5. The Clerk of the Court is directed to **TRANSFER** this action to the Northern District of California.

Dated: March 27 2018

UNITED STATES DISTRICT JUDGE

---

[2] The court declines Visual Land's request to resolve its request for dismissal.